IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTIN OLSEN,

       Plaintiff,

vs.

ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and THE BOARD OF TRUSTEES,

       Defendant.

Case No. 4:11-cv-_____ RRB

## **COMPLAINT**

COMES NOW the Plaintiff, JUSTIN OLSEN, by and through counsel, and for his Complaint against the Defendants ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and Defendant THE BOARD OF TRUSTEES, states and alleges as follows:

1. This action is brought under 29 U.S.C. §§1132(a), (c), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan sponsored and administered by Defendant Board of Trustees. Plaintiff seeks relief, including but not limited to: payment of benefits, pre-judgment and post-

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

judgment interest, non-economic damages for pain and suffering and emotional distress, and attorneys' fees and costs.

3. Plaintiff, Justin Olsen ("Olsen"), is and was at all times relevant, a resident in the City of North Pole, Alaska.

4. Plaintiff, through his employment, was at all times relevant, a covered participant under the Alaska Teamster-Employer Welfare Plan ("Plan"), an employee welfare benefit plan regulated by ERISA, and pursuant to which Plaintiff is entitled to health care benefits.

5. Plaintiff is informed and believes that Defendant Alaska Teamster-Employer Welfare Plan ("Plan") is a self-funded employee welfare benefit plan established by Defendant Board of Trustees. Defendant Alaska Teamster-Employer Welfare Plan is authorized to transact and transacting business in this judicial district, the District of Alaska, in that it covers employees residing in this judicial district, and can be found in the District of Alaska.

6. Plaintiff is informed and believes that the Board of Trustees ("Trustees") is authorized to transact and is transacting business in this judicial district, the District of Alaska, and can be found in the District of Alaska. The Board of Trustees is the named fiduciary of the Plan and is the Plan Sponsor and Administrator of benefits under the Alaska Teamster-Employer Welfare Plan. The Plan issued by the Trustees is identified by Group No. 9591.

## FIRST CAUSE OF ACTION AGAINST ALASKA TEAMSTER-EMPLOYER WELFARE PLAN AND THE BOARD OF TRUSTEES FOR DENIAL OF BENEFITS

7. Plaintiff incorporates by reference paragraphs 1 through 6 as though fully set forth herein.

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 2 of 11
Complaint
Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 2 of 11

8. Olsen was entitled to benefits under the terms and conditions of the Plan sponsored and administered by Defendant Trustees.

9. Olsen is a 29-year-old man who suffered from constant face pain, jaw pain and headaches following surgery for removal of a pituitary tumor. This surgery required his mouth to be propped open for approximately 5½ hours, resulting in severe deterioration of the joint. Mr. Olsen's pain at times would be so severe that he was unable to engage in normal everyday activities, nor could he enjoy activities with his family.

10. On or about March 31, 2010, Olsen's physician, Dr. Wolford, submitted a request to the Plan and to Qualis Health for preauthorization of temporomandibular joint (TMJ) reconstruction, as was required by the Plan for this particular type of procedure. At this time, Qualis Health was listed in the SPD as the Utilization Management Organization for review of claims requiring preauthorization.

11. The procedural history of Plaintiff's claim and the Plan's inconsistent and arbitrary responses is complicated. Plaintiff requested a copy of any documents pertaining to Mr. Olsen's denial of benefits and subsequent appeal on May 17, 2011. These documents were not sent to Plaintiff's counsel until August 17, 2011. The letter accompanying the documents from Song Mondress, PLLC does not give any explanation for the delay, or explanation as to what role Song Mondress, PLLC plays in this litigation.

12. Adding to this confusion was the disclosure from Qualis Health provided July 21, 2011, which alleged to include documents in response to Plaintiff's request for records dated July 5, 2011 pertaining to Qualis Health's appeal review and subsequent May 11, 2010 denial. This disclosure did not include at least one key document – the April 12, 2010 denial of Olsen's claim by Qualis Health.

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 3 of 11
Complaint
Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 3 of 11

13. Upon review of the documents provided by Song Mondress, PLLC and Qualis Health, it is apparent that the Plan and its various contractors, including Qualis Health and Allmed, proceeded to give various conflicting, arbitrary, and unsupported responses to Dr. Wolford's request for preauthorization and Mr. Olsen's repeated requests and appeals for coverage by the Plan.

14. According to a letter dated July 19, 2011 drafted by Senior Medical Director for Qualis Health Eric M. Wall, MD, MPH, an initial review of Olsen's claim resulted in a denial due to insufficient information provided. No date is provided for this initial review, and no documentation indicating that there was insufficient information to review Mr. Olsen's claim for benefits under the Plan has ever been provided by Qualis Health or the Plan. Mr. Olsen was never asked to provide additional information by Qualis Health.

15. According to a letter dated April 12, 2010 included with the Plan's August 17, 2011 disclosure, Qualis Health originally maintained that their "physician reviewer has advised that the documentation does not support the medical necessity to approve [Arthroplasty, temporomandibular joint with prosthetic joint replacement] at this time." Qualis health claimed that X-ray documentation of arthritis was not provided and documentation of failure of conservative therapy was not provided. However, the letter also states that "the attending physician was given the opportunity to discuss this with Qualis Health's medical peer consultant." At no point in this letter does Qualis Health request that Mr. Olsen provide additional information. The letter allowed for an urgent appeal procedure within 72 hours, and Mr. Olsen believes he made a request for an urgent appeal.

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 4 of 11
Complaint
Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 4 of 11

16. A letter from the Alaska Teamster-Employer Service Corporation dated April 23, 2010, like the April 12, 2010 letter from Qualis Health, indicated that Olsen's request for benefits had been denied. However, this time the denial was because "services for TMJ reconstruction and arthoplasty" were not covered by the Plan. The Plan referred to Section 9.7, item #19, of the Alaska Teamster-Employer Trust's SPD. Section 9.7 of the SPD, entitled "Exclusions and Limitations" that lists those services for which the "Plan will not extend any Dental Care Benefit." The letter failed to acknowledge that TMJ surgery was in fact a covered procedure under the medical benefits of the Plan, with preauthorization approval required. Although the denial letter did provide Olsen with the procedures required to appeal the denial, because the denial was based on the surgery being excluded from the Plan, the letter did not state that Olsen could provide any additional information that would assist him in perfecting his claim. The Plan's denial letter made no mention of any review by Qualis Health. Olsen needed to appeal this decision within 180 days of receipt of the letter, which he did.

17. Shortly after being denied benefits based on the Plan's dental exclusion, Olsen was contacted by Dennie Castillo, a representative of the Plan. Ms. Castillo spoke with Mr. Olsen's wife, Alicia, and informed her that the Trustees were in the process of reviewing and making amendments to the Plan including the addition of coverage for TMJ surgery. No such amendments were ever made; nor would it have been required considering it was already a covered procedure under the Plan. Ms. Castillo urged the Olsens to appeal the Plan's denial in hopes of getting approved for the surgery.

18. On or about May 11, 2010, Olsen received a letter from Qualis Health regarding their decision on appeal which upheld the original non-certification. This time Qualis Health claimed that their "Oromaxilofacial peer consultant has advised that the proposed

GAZEWOOD & WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 5 of 11
Complaint

Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 5 of 11

procedure cannot be approved at this time. Symptoms described do not indicate need for total joint replacement which would have a high risk of not addressing patients [sic.] complaint of pain." Qualis health stated that additional clinical rationale used in making the appeal decision will be provided, in writing, upon request. Qualis Health's letter concluded by stating their responsibility of reviewing claims for medical necessity and informed Mr. Olsen that they would be unable to certify preauthorization of Mr. Olsen's request for benefits. However, it further stated that "the final decision for continued medical treatment is between you and your physician," and that "without Qualis Health approval, benefits <u>may</u> (emphasis added) be reduced or charges disallowed." The Plan never provided any additional or amended denial of benefits based on the medical determination made by Qualis Health.

19. On or about June 3, 2010, Olsen sent a letter to the Plan appealing Qualis Health's May 11, 2010 denial for a TMJ prosthetic joint replacement. Olsen went through his long history of pain which began in August, 2007. He explained how his tumor surgery kept his mouth propped open for 5 ½ hours, which probably caused his pain. He explained his efforts to find a medical solution to his severe pain. He indicated that Dr. Larry Wolford first tried medication, which did not help, and felt that the only solution was prosthetic joint replacement. Olsen went through the long list of medications he tried to relieve the pain, and explained that they did not give him any relief and feared they could kill him. He pleaded with the Plan to pay for his surgery, asking whoever was reading the letter what it would be like having constant pain 24/7 and "the only relief being sleep."

20. On or about July 6, 2010, Olsen received a letter from the Plan acknowledging receipt of Mr. Olsen's request and stating the date and time of review by the Trustees. Around

GAZEWOOD & WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer
Welfare Plan et al.
Case No. 4:11-cv-_____ RRB

Page 6 of 11

Complaint

Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 6 of 11

the same time, Ms. Castillo also contacted Olsen to give him the date and time of the hearing.

21. On or about July 16, 2010, the Administrative Committee of the Trust met to review Olsen's appeal of the Plan's denial of benefits. Olsen appeared telephonically. The Administrative Committee reviewed the Qualis Health decision and Olsen's records. Based on Qualis Health's statements that the record contained no evidence that Olsen had attempted more conservative treatments prior to electing for surgery, which clearly conflicted with the records and testimony of Mr. Olsen, the Administrative Committee decided to have Olsen's claim submitted for independent review. Rather than resubmitting the complete record to Qualis Health in order for them to do a proper review and assessment, the Plan opted to have an independent review done through AllMed Healthcare.

22. Alicia Olsen contacted Ms. Castillo shortly after the hearing and asked if it would be possible to speak with the reviewer or to have the reviewer speak with Olsen's physician. Ms. Castillo stated that this was not possible. Ms. Castillo also informed Olsen that the Plan did not submit any records that made reference to a jaw surgery that had been performed on Olsen when he had been 12 years old because it did not have these records in its possession.

23. On or about August 23, 2010, Olsen received the Plan's final decision letter. Based on AllMed Healthcare's independent review, the Trustees upheld their denial of benefits for Olsen's treatment. However, the denial was upheld on entirely different grounds than the three previous denials. The Plan, in their denial letter, did not state any reason for the denial, but only referred Olsen to Section 7, item #10 of the SPD. Section 7, entitled "Exclusions and General Limitations," item #10 states that "[n]o Plan Benefits

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer
Welfare Plan et al.
Case No. 4:11-cv-_____ RRB

Page 7 of 11

Complaint

Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 7 of 11

are extended for any of the following:… [a]ny expense incurred for: (1) services that are not Medically Necessary, (2) Experimental and/or Investigational treatment,…"

24. Olsen contacted Ms. Castillo and asked if there was anything more that he could do or provide that would help his case. Ms. Castillo informed him that there was nothing more that they could do. However, Ms. Castillo did inform Olsen that the independent medical reviewer had suggested that Olsen first try orthagnathic surgery. Ms. Castillo informed Olsen that he could reapply for a different procedure but not the same one denied.

25. Orthagnathic surgery was not a more conservative option than TMJ surgery and was excluded from the Plan. However, Olsen had already been referred to an oral surgeon for such a procedure. After examining Olsen, the oral surgeon concluded that there was nothing that he could do for him. Olsen was then referred to Dr. Wolford for TMJ surgery. Olsen's post-operative report after the TMJ surgery provides further proof of medical necessity, as pain and quality of life have greatly improved.

26. Defendants wrongfully denied Olsen's claim for benefits, in the following respects:

    a. Failure to pay medical benefit payments to Olsen at a time when Defendants knew, or should have known, that Olsen was entitled to those benefits under the terms of the Plan;

    b. Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and plan provisions, for the denial of Olsen's claims for medical benefits;

    c. After Olsen's claims were denied in whole or in part, failure to adequately describe to Olsen any additional material or information necessary for Olsen to perfect the claims along with an explanation of why such material is or was

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 8 of 11
Complaint

Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 8 of 11

necessary while numerous attempts to follow-up on requests for such information went unanswered;

d. Failure to properly and adequately investigate the merits of Olsen's claims and/or provide alternative courses of treatment;

e. Failure to provide Olsen with proper due process by withholding pertinent information, failing to provide complete records for review and forum shopping.

27. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Olsen's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

28. Following the denial of Olsen's claims for benefits under the Plan, Olsen exhausted all administrative remedies required under ERISA, and performed all duties and obligations on Olsen's part to be performed.

29. As a proximate result of the denial of medical benefits due Olsen, Olsen has been damaged in the amount of all of the medical bills incurred for Olsen's treatment, in a total sum to be proven at the time of trial.

30. As a proximate result of the repeated denials of medical benefits due Olsen, Olsen was forced to suffer prolonged physical pain and emotional distress, and non-economic damages caused by this suffering should be paid to Olsen in a total sum to be proven at the time of trial.

31. As a further direct and proximate result of this improper determination regarding Olsen's medical claims, Plaintiff, in pursuing this action, has been required to incur

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer Welfare Plan et al.
Case No. 4:11-cv-_____ RRB
Page 9 of 11
Complaint

Case 4:11-cv-00015-RRB   Document 1   Filed 09/21/11   Page 9 of 11

attorneys' costs and fees. Pursuant to 29 U.S.C. §1132(g)(l), Plaintiff is entitled to have such fees and costs paid by Defendant.

32. Due to the wrongful conduct of the Defendants, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his right to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST ALASKA TEAMSTER-EMPLOYER WELFARE PLAN AND THE BOARD OF TRUSTEES FOR EQUITABLE RELIEF

33. Plaintiff refers to and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

34. As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits for Olsen, and the resulting injuries and damages sustained by Olsen as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. §1132(a)(l)(B):

   a. Restitution of all past benefits due to Olsen, plus pre-judgment and post-judgment interest at the lawful rate;

   b. A mandatory injunction requiring Defendants to immediately qualify Olsen for medical benefits due and owing under the Plan, and;

   c. Such other and further relief as the Court deems necessary and proper to protect Olsen's interests as a participant under the Policy.

35. As a direct and proximate result of the failure of the Defendants to provide Plaintiff with requested documents within a reasonable amount of time, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the appropriate relief pursuant to 29 U.S.C. §1132(c)(l)(B).

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

36. As a direct and proximate result of Defendants' failure to timely certify Olsen's claim for benefits, Plaintiff is entitled to damages for pain and suffering and emotional distress.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health insurance benefits to the Plaintiff pursuant to Olsen's health insurance coverage under the Plan;

2. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Pursuant 29 U.S.C. §1132(c)(1)(B), payment of penalties for failure to provide requested information in a timely manner;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA;

5. Payment of non-economic damages for pain and suffering and emotional distress; and

6. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 20th day of September 2011.

> GAZEWOOD & WEINER, PC
> Attorney for Defendant
>
> By:  /s/ Jason A. Weiner
>   Jason A. Weiner
>   ABA No. 9906031

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via ☒ mail ☐ courier ☐ hand-delivery to the following:

**Ms. Rose Kalamarides**
**Alaska Teamster-Employer Welfare Trust**
520 East 34th Avenue, Suite 107
Anchorage, Alaska 99503-4416

Dated:  9/20/11   By:   DOsterby

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com