Michael P. Monaco
Song Mondress PLLC
720 Third Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 398-1500
Facsimile: (206) 398-1501
E-mail:  mmonaco@songmondress.com

Ronald L. Bliss
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  rlb@bwclawyers.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN OLSEN,                            )<br>                                                    )<br>       Plaintiff,                              )<br>                                                    )<br>v.                                                  )<br>                                                    )<br>ALASKA TEAMSTER-EMPLOYER WELFARE )<br>PLAN, and THE BOARD OF TRUSTEES, )<br>                                                    )<br>       Defendants.                         )<br>_____) | Case No. 4:11-cv-00015-RRB |

## DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS DAMAGES CLAIMS

### I.   Introduction

Defendant Alaska Teamster-Employer Welfare Plan (referred to herein as "Trust") is a multiemployer benefit plan governed by the Employee Retirement Income Security Act of 1974

Mem. in Support of Dfts' Mot. To Dismiss Damages Claims        Olsen v. Alaska Teamst.-Empl. Welfare Plan, *et al*
Page 1 of 7                                                                                                              4:11-cv-00015-RRB

("ERISA"), 29 U.S.C. § 1001, *et seq*, and is sponsored and administered by Defendant Board of Trustees.  The Trust provides health and other benefits to qualifying employees.  Plaintiff's Complaint in this action seeks payment of damages for pain and suffering and emotional distress allegedly suffered as a result of the Trust's denial of his claim for medical benefits.[1]  Because extra-contractual and compensatory damages are not recoverable under ERISA, Plaintiff's claims for pain and suffering and emotional distress damages fail to state a claim that is cognizable under ERISA, and must therefore be dismissed pursuant to FRCP 12(b)(6).

## II.   Factual Background

The factual background herein is limited to the relevant well-pled allegations of the Complaint.[2]  The Trust is a self-funded welfare benefit plan governed by ERISA, and is sponsored and administered by the Board of Trustees.  Dkt. No. 1, ¶¶ 1, 2, 4, 5.  Plaintiff Justin Olsen was a participant in the Trust, and was entitled to receive health benefits to the extent provided under the Trust's terms and conditions.  *Id.,* ¶ 8.  On or about March 31, 2010, Plaintiff filed a claim for preauthorization of temporomandibular joint (TMJ) reconstruction, following surgery for removal of a pituitary tumor.  *Id.,* ¶¶ 9, 10.  Following an administrative appeal, Plaintiff's claim for medical benefits was denied by the Trust as not medically necessary, following determinations by independent medical consultants.  *Id.,* ¶ 18, 21, 23.  Following the Trust's denial, Plaintiff filed the instant action asserting that he was wrongfully denied the claimed benefits, *Id.,* ¶ 26, and that as a result, he has suffered prolonged pain and emotional

---

[1] The Complaint also seeks payment of medical benefits alleged to have been wrongfully denied, attorneys' fees and costs, pre- and post-judgment interest, and other relief under ERISA.  Dkt. No. 1, at p. 11 ("Request for Relief").  These claims are not at issue in this motion.

[2] Although the Court must, for purposes of deciding a motion to dismiss under FRCP 12(b)(6), assume the truth of the material allegations in the Complaint, the Trust does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this motion.

distress, *Id.,* ¶¶ 30, 34, 36.  The Complaint seeks payment of damages for pain and suffering and emotional distress. *Id.,* at p. 11 ("Request for Relief").

### III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts,* 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1940-41 (2009).

### IV. Argument

    A.    <u>Plaintiff's Allegations Concern an ERISA-Governed Plan</u>.

Plaintiff's allegations conceededly concern an ERISA-governed plan. Dkt. No. 1, ¶¶ 1, 2, 5.  The Supreme Court has noted that Congress's intent in enacting ERISA was to provide "a uniform regulatory regime over employee benefit plans . . . .'" Aetna Health Inc., v. Davila, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc*., 451 U.S. 504, 523 (1981)). To this end, ERISA includes a comprehensive civil enforcement mechanism, 29 U.S.C. § 1132(a), which the Supreme Court has noted is essential to ensuring that employee benefit plans governed by ERISA are subject to a single set of regulatory requirements:

> The detailed provisions of § 502(a) [29 U.S.C. § 1132(a)] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.  'The six carefully integrated civil enforcement provisions found in [29 U.S.C. § 1132(a)] of the statute as finally enacted . . .  provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'"[3]

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (quoting *Massachussetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)).

    B.    <u>Plaintiff's Claims for Payment of Damages for Pain and Suffering and Emotional Distress Seek Relief That Is Unavailable Under ERISA, and Must Be Dismissed Under FRCP 12(b)(6)</u>.

Plaintiff seeks damages for pain and suffering and emotional distress, Dkt. No. 1, at p. 11 ("Request for Relief"), which he alleges to have suffered as a result of the Trust's denial of his claim for medical benefits.  Dkt. No. 1*,* ¶¶ 30, 36.  However, any such claims for pain and suffering, emotional distress, or *any* other extra-contractual and compensatory damages are barred under ERISA.  Plaintiff's request for damages for pain and suffering and emotional distress, or any other relief outside of ERISA's civil enforcement provisions, should be dismissed for failure to state a claim under FRCP 12(b)(6).

It is well established that extra-contractual, compensatory, and punitive damages are not recoverable under ERISA.  *Bast v. Prudential Insurance Company of America*, 150 F.3d 1003, 1008-1009 (9th Cir. 1998) (citing *Massachussetts Mut. Life Ins. Co.*, 473 U.S. at 146).  The Ninth

---

[3] The specific causes of action available to a participant or beneficiary under ERISA's civil enforcement provisions include: (1) an action to recover benefits due under the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan, 29 U.S.C. § 1132(a)(1)(B); (2) an action for breach of fiduciary duties, 29 U.S.C. § 1132(a)(2);  (3) an action to Enjoin any act or practice in violation of ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress violations of ERISA or the terms of the plan, 29 U.S.C. § 1132(a)(3); and  (4) an action to obtain damages for a plan administrator's refusal to supply certain information that must be furnished upon request under Title I of ERISA, 29 U.S.C. § 1132(c).

Circuit has repeatedly held that damages for emotional distress, pain and suffering and other claims beyond the benefits allegedly improperly denied cannot be recovered under ERISA. *See, e.g., Zavala v. Trans-System, Inc.,* 258 Fed. Appx. 155 (9th Cir. 2007) (damages for emotional distress cannot be recovered)*; Bast*, 150 F.3d at 1008-1009 (damages for emotional distress are barred by ERISA); *McLeod v. Oregon Lithoprint Inc.*, 102 F.3d 376 (9th Cir. 1996) (compensatory damages are not permissible relief under ERISA).

Plaintiff's claims for damages for pain and suffering and emotional distress arise directly out of the substantive terms and administration of the Trust – e.g., whether Plaintiff was improperly denied benefits under the terms of the Trust. Dkt. No. 1, ¶¶ 2, 30, 35. Accordingly, ERISA § 502(a), 29 U.S.C. § 1132(a) is the "*exclusive* vehicle for Plaintiffs claims in this action. *Pilot Life*, 481 U.S. at 52 (emphasis added). Here, as in *Bast, Zavala, and McLeod,* Plaintiff is seeking extra-contractual and/or compensatory damages, which are not recoverable under ERISA. Plaintiff's claims for pain and suffering and emotional distress damages must therefore be dismissed for failure to state a claim under FRCP 12(b)(6).[4]

---

[4] Even if Plaintiff did not concede that his claims arise solely under ERISA, any attempt to raise claims for emotional distress and pain and suffering under state law would be completely preempted by ERISA in any event. Any state law claim that comes within the scope of ERISA's civil enforcement provisions, and thereby "duplicates, supplements, or supplants the ERISA civil enforcement remedy" and "conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc.*, 542 U.S. at 209. Following *Aetna Health, Inc.,* the Ninth Circuit has held that attempts to obtain relief outside of what ERISA provides are preempted, including extra-contractual and compensatory damages. *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1146-47 (9th Cir. 2003); *Bast*, 150 F.3d at 1008-1010. Actions seeking non-ERISA compensatory or punitive damages in what is essentially a "claims processing" cause of action clearly fall within the preemptive scope of 29 U.S.C. § 1132(a) under *Pilot Life*. *Elliot*, 337 F.3d at 1146-47. Thus, any attempt to seek this relief under state law, rather than ERISA, would also be subject to dismissal under FRCP 12(b)(6).

## V. Conclusion

For the foregoing reasons, Defendants respectfully request that the court grant its motion to dismiss Plaintiff's claims for damages for pain and suffering and emotional distress, and any other extra-contractual or compensatory damages not available under ERISA.

DATED this 21st day of November, 2011, at Seattle, Washington.

By: s/ Michael P. Monaco

SONG MONDRESS PLLC
Counsel for Defendants
Alaska Teamster-Employer
Welfare Plan and Board of Trustees
720 Third Ave., Suite 1500
Seattle, WA 98104
E-mail:  mmonaco@songmondress.com
Phone:  (206) 398-1500
Fax:  (206) 398-1501

Ronald L. Bliss
BLISS, WILKENS & CLAYTON
500 L. Street, Suite 200
Anchorage, AK  99501
E-mail:  rlb@bwclawyers.com
Phone:  (907) 276-2999
Fax:  (907) 276-2956
(ABA No. 7605011)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jason A. Weiner
Gazewood & Weiner, PC
1008 16th Avenue
Suite 200
Fairbanks, AK 99701

s/ Michael P. Monaco