IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTIN OLSEN,

        Plaintiff,

vs.

ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and THE BOARD OF TRUSTEES,

        Defendant.

Case No. 4:11-cv-000015 RRB

## OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Plaintiff Justin Olsen, by and through undersigned counsel, Jason A. Weiner of Gazewood & Weiner, P.C., hereby opposes Defendant's Motion To Strike Plaintiff's Jury Demand.

Defendant's motion cites to two cases from 2001 and 2002 in support of its claim that there is no right to a jury trial under ERISA – *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1114 (9th Cir. 2001) and *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 996-97 (9th Cir. 2000). Defendant claims there are no exceptions to this general rule.

Defendant's motion ignores the holding in *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993). In that case, the Court found that a claim of retaliatory discharge was part of common law and is considered a legal, not equitable claim. However, the Court also found that the only relief available under ERISA for retaliatory discharge was "equitable relief." Damages could not be recovered.

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Olsen v. Alaska Teamster-Employer**
**Case No. 4:11-cv-00015-RRB**
        Page 1 of 3
**Opposition to Motion to Defendants'**
**Motion to Strike Plaintiff's Jury Demand**

In this case, Plaintiff is not asking for equitable relief.  He wants the money from the trust to pay for medical care he has already received and been denied.  He wants damages for breach of contract.  This is a monetary claim, not an equitable claim.  Therefore, *Spinelli* should apply and hold that this is a legal claim, and as a legal claim, Plaintiff is entitled to a trial by jury under the Seventh Amendment.

Defendants' case cites are also dated.  In 2002, the United States Supreme Court decided the case of *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002).  The Supreme Court found that because the Plaintiff's action sought money due and owing under a contract, it sounded in law, not in equity.  *Id.* at 221.  From this case, at least one circuit, the Second Circuit, has found in two cases that suits seeking to compel the defendant to pay a sum of money to the plaintiff are suits for money damages.  In one of these cases, *Nechis v. Oxford Health Plan, Inc.*, 421 F.3d 96 (2d. Cir. 2005), the Second Circuit found that a claim that the defendants breached their fiduciary obligations imposed by ERISA was a legal action, and therefore could not be brought under 29 U.S.C. § 1132(a)(3).  In another, *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. March 20, 2003), the Southern District of New York found that current and former employees participating in an ERISA-governed employee benefit fund had the right to a jury trial in an action against the trustees of that fund for damages resulting from the trustees' mismanagement of that fund.  Thus, the Second Circuit has taken the final steps in applying the United States Supreme Court Opinion in *Great West Life* to ERISA cases and finding that a plaintiff is entitled to a jury trial.

Plaintiff admits that there are some actions under ERISA, and specifically 29 U.S.C. §1132, which are purely equitable in nature.  These include actions under §1132(a)(3) (setting forth equitable relief and injunctions for violations of the ERISA subchapter), §1132(a)(5)(which appears to be almost identical to §1132(a)(3)), and §1132(a)(8)( which also appears to be almost

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.:  (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

identical to §1132(a)(3), and specifically is limited to equitable remedies). This is not an action under any of these subsections. It is an action for contract damages under §1132(a)(3), and for the Defendants to pay benefits they should have paid long ago for Plaintiff's authorized and necessary medical procedures. An action for damages is a legal action, and therefore the right to a jury trial attaches. Defendant's motion to strike Plaintiff's jury demand should therefore be denied, and Plaintiff's right to a jury trial should be preserved.

Dated:   December 5, 2011                         GAZEWOOD & WEINER, PC
                                                                        Attorney for Defendants


By:   /s/ Jason A. Weiner
         Jason A. Weiner
         ABA No. 9906031

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via electronic filing using the CM/ECF system with the Clerk of Court to the following:

Ronald L. Bliss
500 L Street, Ste 200
Anchorage, AK 99501

Michael P. Monaco
720 Third Ave., Ste 1500
Seattle, WA 98104

Dated:  12/05/11   By:      Jason Weiner

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com