Michael P. Monaco
Song Mondress PLLC
720 Third Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 398-1500
Facsimile: (206) 398-1501
E-mail:  mmonaco@songmondress.com

Ronald L. Bliss
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  rlb@bwclawyers.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| JUSTIN OLSEN,<br><br>         Plaintiff,<br><br>v.<br><br>ALASKA TEAMSTER-EMPLOYER WELFARE PLAN, and THE BOARD OF TRUSTEES,<br><br>         Defendants. | Case No. 4:11-cv-00015-RRB |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

**I.     Introduction**

Plaintiff's opposition to Defendants' motion to strike Plaintiff's jury demand is unfounded.  As Plaintiff implicitly concedes, Ninth Circuit authority holds that there is no right

to a jury trial for claims under ERISA § 502, 29 U.S.C. § 1132. *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000) (holding that plan participants are not entitled to jury trials for any ERISA claims). Plaintiff's suggestion that the Ninth Circuit's holding in *Thomas* was invalidated by the Supreme Court's decision in *Great West Life & Annuity Insurance Company v. Knudsen*, 534 U.S. 204 (2002) is unsupported by any authorities within the Ninth Circuit, and has been rejected by virtually all of the circuit and district courts that have considered it. The jury trial demand should therefore be stricken.

**II.     Argument**

    A.     <u>Plaintiff's Claims Arise Solely Under ERISA § 502, and There Is No Right to Jury Trial Under ERISA § 502</u>.

In contravention of the settled law, Plaintiff asserts that he is entitled to a jury trial because he is not seeking equitable relief, but is instead seeking money damages for breach of contract – a claim not presented in the Complaint, but raised for the first time in Plaintiff's Opposition to the Trust's motion to strike Plaintiff's jury demand.[1] Regardless of how Plaintiff attempts to characterize his claims, it is well-established in the Ninth Circuit (and elsewhere) that claims for benefits and other relief under ERISA are equitable, not legal, and there is no right to a jury trial for such claims.

The Ninth Circuit has held that *all* relief available under ERISA § 502 is equitable in nature. *Thomas*, 228 F.3d at 996. In *Thomas*, the Ninth Circuit reaffirmed that there is no "independent constitutional or statutory right to jury trial in ERISA actions." 228 F.3d at 995 (quoting *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1985)). Interpreting *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993), the court held that when plan participants bring claims under ERISA, they are not entitled to a jury trial. *Id*. at 996; *see also Spinelli*, 12 F.2d at 857

---

[1] Dkt. No. 1, ¶¶ 32-36 (seeking "equitable relief").

(holding that jury trial was unavailable because "[b]y its terms, section 502 – the remedies provision for section 510 – provides only for equitable relief"). This of course includes claims for benefits under ERISA § 502.[2] *Thomas*, 228 F.3d at 996. And in the nearly 10 years since the *Great West* decision, *every* circuit court addressing this issue has ruled in accord with the holding in *Thomas* that a jury trial right is unavailable for claims under ERISA § 502.[3] Because Plaintiff seeks relief under ERISA § 502, the relief he seeks is inherently equitable and under the settled law a jury trial is unavailable on any of his claims.

        B.      <u>To Whatever Extent Plaintiff Asserts Claims Under ERISA § 502(a)(3), No Jury Trial Right Exists for Such Claims</u>.

In addition to actions for benefits under ERISA § 502(a)(1)(B), ERISA § 502(a)(3) provides a cause of action to obtain "other appropriate equitable relief" to redress violations of ERISA or the terms of the plan." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). It is unclear whether Plaintiff seeks any relief under this subsection of ERISA.[4] However, to the extent that any of Plaintiff's claims can be characterized as claims under ERISA § 502(a)(3), such assertions

---

[2] Plaintiff also seeks penalties under ERISA § 502(c)(1)(B) for failure to timely disclose documents under ERISA, payment of attorneys' fees and costs under ERISA § 502(g)(1), and pain and suffering and emotional distress damages. Dkt. No. 1, at 11. Like his claim for benefits, Plaintiff's claims for penalties and attorneys' fees and costs arise under ERISA § 502, and no jury trial is available. *Thomas*, 228 F.3d at 996. Defendants have separately moved for dismissal of Plaintiff's claims for pain and suffering and emotional distress damages, as such claims are barred by ERISA. *See* Dfts. Mot. To Dismiss, Dkt. No. 11. However, even if Plaintiff could bring such claims, they would necessarily arise under ERISA § 502, and so a jury trial would be unavailable on them as well.

[3] *O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits"); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 656 (3d Cir. 2007) (reiterating previous holding that there is no right to a jury trial in actions under Section 502(a)(1)(B) of ERISA); *Reese v. CNH America LLC*, 574 F.3d 315, 327 (6th Cir. 2009) (because relief under ERISA is equitable rather than legal, the Seventh Amendment does not guarantee a jury trial in ERISA cases); *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) (no jury trial in ERISA cases because its antecedents are equitable, not legal); *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009) (Seventh Amendment guarantees no right to a jury trial in a Section 502(a) action for benefits because that section's antecedents are equitable, not legal, even though remedy may include payments of money for plan benefits that should have been paid); *Vegter v. Canada Life Assur. Co.*, 311 Fed. Appx. 248, 249 (11th Cir. 2009) (affirming district court decision that former employee seeking relief under ERISA for denial of disability benefits did not have a right to a jury trial because the statute provided for equitable remedies).

[4] Plaintiff's opposition brief states that this is "not an action under [§ 1132(a)(3)]," but then states that this is "an action for contract damages under § 1132(a)(3) . . . ." Dkt. No. 15, at 2-3. Based on the language of the Complaint and Plaintiff's repeated assertions that he seeks no equitable relief, it seems likely that Plaintiff actually intended his second reference to 29 U.S.C. § 1132(a)(3) to be a citation to 29 U.S.C. § 1132(a)(1)(B).

would not provide a right to jury trial, as the relief under that section of ERISA is purely equitable in nature (as Plaintiff concedes – *see* Dkt. No. 15, at 2-3). *Thomas*, 228 F.3d at 996.

      C.      <u>There Has Been No Change in the Controlling Authority in the Ninth Circuit</u>.

Plaintiff's implicit suggestion that *Thomas* was effectively overruled by the Supreme Court's decision in *Great West* is unsupported by any relevant legal authority, and completely without merit. This argument has been rejected by the vast majority of cases that have considered it; *Thomas* remains the controlling law and bars any claim to jury trial herein.

      1.      *<u>Thomas</u> Has Not Been Overruled, Explicitly or Implicitly, by the Supreme Court's Decision in <u>Great West</u>*.

District courts and three-judge panels of the Ninth Circuit must consider themselves bound by the existing law of the circuit unless it is "clearly irreconcilable" with an intervening decision of the Supreme Court. *Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007); *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003). Plaintiff does not argue that *Thomas* is clearly irreconcilable with the Supreme Court's decision in *Great West*, and offers nothing more than a conclusory, baseless assertion that *Great West* compels a different result.

*Great West* held, as Plaintiff readily concedes,[5] that claims under ERISA § 502(a)(3) are *solely equitable* in nature. *Great West*, 534 U.S. at 221. Of course, as *Great West* solely involved a claim under ERISA § 502(a)(3), the Supreme Court did nothing to upset the settled law throughout the circuits that ERISA actions (under ERISA § 502(a)(3) and other subsections) constitute equitable claims. *Graham*, 589 F.3d at 1356. (In fact, *Great West* did not involve the issue of jury trial rights under ERISA at all.) Moreover, all of the district court cases in the Ninth Circuit considering Plaintiff's argument of an implicit overruling of *Thomas* by *Great West* have soundly rejected it. *Martorello v. Sun Life Assur. Co. of Canada*, 2009 WL 1227011,

---

[5] Dkt. No. 15, at 2-3.

*6 (N.D. Cal. 2009); *In re First American Corp. ERISA Litigation*, 2009 WL 536254, *2-4 (C.D. Cal. 2009); *Fontana v. Guardian Life Ins. Co. of America*, 2008 WL 895700, *1 (N.D. Cal. 2008); *Fowler v. Aetna Life Ins. Co.,* 2008 WL 4911172, *5 (N.D. Cal. 2008); *Davison v. Hartford Life and Accident Ins. Co.*, 2005 WL 807045, *1 (N.D. Cal. 2005).[6]

Given the wealth of authorities supporting the *Thomas* court's analysis within the Ninth Circuit since *Great West*, it seems unnecessary to give further consideration to the question whether *Thomas* is "clearly irreconcilable" with the Supreme Court's decision in *Great West*.  To the extent warranted, however, a review of out-of-circuit authority only confirms that *Thomas* is undisturbed by the *Great West* decision.

Both before and after *Great West*, courts across the nation have concurred with *Thomas* that actions to recover plan benefits under ERISA § 502 are *equitable* claims.  *E.g., Graham*, 589 F.3d at 1356-57 (rejecting argument that claims under ERISA § 502(a)(1)(B) to recover benefits are actually legal contract claims, and instead concluding that such actions are inherently equitable in nature); *Reese*, 574 F.3d at 327 (holding that although a monetary award is generally a form of legal relief, in health benefits cases under ERISA § 502(a)(1)(B), any monetary relief is at best incidental to equitable claims); *First American*, 2009 WL at *2-3 (holding that where traditionally "legal" relief such as money damages is inextricably intertwined with equitable relief the nature of the relief as a whole is not legal but equitable); *Termini v. Life Ins. Co. of North America*, 474 F. Supp. 2d 775, 777-8 (E.D. Va. 2007) (same).

---

[6] District courts outside of the Ninth Circuit have similarly held that *Great West* did not alter jury trial rights under ERISA. *Jetseck v. Prudential Ins. Co. of Am.*, 2007 WL 3449031, *1-2 (N.D. Ill. 2007); *Reese v. CNH Global N.V.*, 2007 WL 2484986, *2 (*E.D. Mich.* 2007); *Abbott v. Lockheed Martin Corp.*, 2007 WL 2316481, *2-3 (S.D. Ill. 2007); *Kennedy v. ABB Inc.*, 2007 WL 2323395, *1 (W.D. Mo. 2007); *Ellis v. Rycenga Homes, Inc.*, 2007 WL 1032367, *3-4 (W.D. Mich. 2007); *Heindenreiter v. Unum Life Ins. Co. of Am.*, 2006 WL 1525956, *1 (N.D. Okla. 2006); *Allison v. Unum Life Ins. Co.*, 2005 WL 1457636, *13-14 (E.D.N.Y. 2005).

Just as in the cases above, any "legal" relief Plaintiff may assert is inextricably intertwined with the equitable relief he seeks, as it is contingent upon a declaration by the Court that he is entitled to Plan benefits. Under *Thomas* and all other relevant authorities, the relief Plaintiff seeks as a whole is equitable, and no jury trial is available.

    2.  *Plaintiff's Cited Authorities Do Not Establish Entitlement to a Jury Trial*.

The authorities cited by Plaintiff do not establish entitlement to a jury trial. Plaintiff's reliance on the Ninth Circuit's earlier decision in *Spinelli* in support of his jury demand ignores subsequent Ninth Circuit authority and *Spinelli* itself. In *Thomas*, the Ninth Circuit unequivocally clarified that the effect of its earlier decision in *Spinelli* was to "reaffirm the principle . . . that *plan participants and beneficiaries are not entitled to jury trials for claims brought under . . . section 502 of ERISA*," as the relief available under ERISA § 502 is "*essentially equitable in nature*." *Thomas*, 228 F.3d at 996 (emphasis added).

Plaintiff's reliance on *Nechis v. Oxford Health Plain, Inc.,* 421 F.3d 96 (2nd Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. 2003) is triply misplaced. First, both *Nechis* and *Bona* addressed *fiduciary breach* claims under ERISA § 502(a)(2), which are not alleged here. *See Nechis*, 421 F.3d at 102-03; *Bona*, 2003 WL *34-35. Second, even if Plaintiff's claims herein *were* for breach of fiduciary duty, district courts in the Ninth Circuit have expressly rejected arguments based on *Bona* that fiduciary breach claims confer a right to jury trial, or that *Bona*, a single district court opinion from the Second Circuit establishes that *Great West* is "clearly irreconcilable" with *Thomas*. *First American*, 2009 WL at *3-4 ("[*Bona*] is based on the flawed premise that *Great West* provides a right to jury trial under § 502(a)(2)); *Fowler,* 2008 WL at *5 (N.D. Cal. 2008) (no jury trial in ERISA § 502(a)(2) fiduciary breach claim). Finally, *Nechis* did not address jury trial rights under ERISA at all, and more recent and direct authority

from the Second Circuit plainly states that "there is no right to a jury trial in a suit brought to recover ERISA benefits." *O'Hara,* 642 F.3d at 116.  In sum, there is no basis for this Court to break from the established law in *Thomas* and grant a jury trial in this matter.  This is especially the case when one considers that not only has there been nothing to establish that controlling Ninth Circuit authority is "clearly irreconcilable" with *Great West,* but that numerous courts within and outside the Ninth Circuit have held precisely the opposite.

## III.     Conclusion

Plaintiff has failed to provide any legal basis for this Court to disregard the controlling authorities and wealth of other caselaw establishing that there is no right to a jury trial in this action.  Therefore, Defendants respectfully request that Plaintiff's jury demand be stricken, and that the Court docket this matter as a non-jury case.

DATED this 12th day of December, 2011, at Seattle, Washington.

By:  s/ Michael P. Monaco

SONG MONDRESS PLLC
Counsel for Defendants Alaska Teamster-Employer Welfare Plan and Board of Trustees
720 Third Ave., Suite 1500
Seattle, WA 98104
E-mail:  mmonaco@songmondress.com
Phone:  (206) 398-1500
Fax:  (206) 398-1501

Ronald L. Bliss
BLISS, WILKENS & CLAYTON
500 L. Street, Suite 200
Anchorage, AK  99501
E-mail:  rlb@bwclawyers.com
Phone:  (907) 276-2999
Fax:  (907) 276-2956
(ABA No. 7605011)

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jason A. Weiner
Gazewood & Weiner, PC
1008 16th Avenue
Suite 200
Fairbanks, AK 99701

s/ Michael P. Monaco