IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTIN OLSEN,

        Plaintiff,

vs.

ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and THE BOARD OF TRUSTEES,

        Defendant.

Case No. 4:11-cv-000015 RRB

## OPPOSITION TO MOTION TO DISMISS DAMAGES CLAIMS

Plaintiff Justin Olsen, by and through undersigned counsel, Jason A. Weiner of Gazewood & Weiner, P.C., hereby opposes Defendants' Motion To Dismiss Damages Claims.

Defendants' motion seeks to dismiss Plaintiff's claims for damages for pain and suffering and emotional distress suffered by Plaintiff as a result of the Defendants' improper denial of his claim for medical benefits. Defendants do not appear to be relying on any specific facts in their motion to dismiss. Plaintiff simply notes that the facts as set forth by Defendants are extremely abbreviated, and leave out much of the improper actions taken by Defendants which resulted in the improper delay and ultimately improper denial of benefits Plaintiff was entitled to from Defendants. Defendants appear to rely on their belief that the law prevents Plaintiff from recovering damages for pain and suffering and emotional distress under ERISA.

As stated in Plaintiff's Opposition to Motion to Strike Jury Demand, the cases cited by Defendants are dated. With the decision by the United States' Supreme Court in 2002 in *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002), and cases following *Great West Life*, such as *Nechis v. Oxford Health Plan, Inc.*, 421 F.3d 96 (2d. Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. March 20, 2003), the legal landscape has

GAZEWOOD & WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

changed on this issue.  Some of the remedies that can be obtained under ERISA are considered "legal" in nature.  Therefore, precedent which attempts to limit remedies under ERISA based on outdated definitions of actions in "equity" versus actions in "law" also no longer apply.  With the change in the characterization of actions under ERISA should come a change in the limitation on recovering pain and suffering, emotional distress, and loss of consortium damages.

Even should the Court find that *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003 (9th Cir. 1998), the primary case cited by Defendants in support of their motion to dismiss, remains good law, the Court should actually apply the language in the *Bast* decision and find that pain and suffering, emotional distress, and loss of consortium damages are recoverable under ERISA.  The entire premise of the *Bast* decision was that ERISA claims must be limited to the outline set forth in ERISA's civil enforcement provision regarding claims available to a participant or beneficiary.  *Bast,* 150 F.3d at 1008-09.  That means that if there is a provision in ERISA that allows for Plaintiff's claims of pain and suffering, emotional distress, and loss of consortium to be considered, Defendants' motion to dismiss these claims must be denied.

In fact, there is such a provision the specifically provides for Plaintiff's claims of pain and suffering, emotional distress, and loss of consortium – 29 U.S.C. § 1132(c).  This provision provides for penalties for Defendant's refusal to supply requested information.  Under 29 U.S.C. § 1132(c)(1)(B), a penalty of up to $100 a day from the date of such failure or refusal (defined as 30 days after the request was made) may be assessed. The purpose of this penalty is to ensure that requests for information are responded to promptly, and that a beneficiary of the plan does not have to endure excruciating pain and suffering, emotional distress, and loss of consortium any longer than is reasonably necessary while the Defendants decide whether they are going to honor a valid claim for benefits.

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

In this case, Defendants still have not provided all the information Plaintiff has requested since March 31, 2010. Subtracting 30 days after March 31, 2010 as set forth in the ERISA statute, Defendants' response is 591 days overdue. This means that Defendants can be liable for as much as $59,100 in penalties to date, and that amount could increase substantially as Defendants continue to delay this case by failing to file an answer to the complaint and instead focusing on piece meal motions to dismiss. Plaintiff has preserved these claims in his complaint.

In assessing these penalties, the Court should consider the extended and unnecessary pain and suffering, emotional distress, and loss of consortium Plaintiff has suffered as a result of Defendants' improper denial of benefits and delay in providing information to Plaintiff as requested long ago. Because these factors should be considered in assessing penalties, Defendants' Motion to Dismiss Damages Claims must be denied.

In conclusion, the Court should deny Defendants' Motion to Dismiss Damages Claims because the law they rely on is dated, and because 29 U.S.C. § 1132(c)(1)(B) allows the Court to consider Plaintiff's damages claims when assessing penalties for failure to timely respond to Plaintiff's requests for information.

|  |  |
|---|---|
| Dated: December 12, 2011 | GAZEWOOD & WEINER, PC<br>Attorney for Defendants<br><br>By: /s/ Jason A. Weiner<br>Jason A. Weiner<br>ABA No. 9906031 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via electronic filing using the CM/ECF system with the Clerk of Court to the following:

Ronald L. Bliss
500 L Street, Ste 200
Anchorage, AK 99501

Michael P. Monaco
720 Third Ave., Ste 1500
Seattle, WA 98104

Dated: 12/12/11  By: Jason Weiner

**GAZEWOOD & WEINER, PC**
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Olsen v. Alaska Teamster-Employer**
Case No. 4:11-cv-00015-RRB

Page 3 of 3

**Opposition to Motion to Dismiss Damages Claims**