Michael P. Monaco
Song Mondress PLLC
720 Third Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 398-1500
Facsimile: (206) 398-1501
E-mail: mmonaco@songmondress.com

Ronald L. Bliss
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: rlb@bwclawyers.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN OLSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-cv-00015-RRB |
| ) | |
| ALASKA TEAMSTER-EMPLOYER WELFARE ) | |
| PLAN, and THE BOARD OF TRUSTEES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

Defendants Alaska Teamster-Employer Welfare Plan ("Plan") and its Board of Trustees respectfully submit this Memorandum in Support of their Motion to Strike Plaintiff's Jury Demand.

Mem. in Support of Dfts' Mot. to                      Olsen v. Alaska Teamster-Employer Welfare Plan, *et al*
Strike Plaintiff's Jury Demand                                                              4:11-cv-00015-RRB
Page 1 of 9

**I.     Introduction**

Fed. R. Civ. P. 39(a)(2) provides for the Court to strike a jury demand where it finds that with respect to some or all of the issues in the action, a right of trial by jury does not exist under the Constitution or statutes of the United States.  Defendants moves to strike Plaintiff's jury demand because Plaintiff's causes of action are (and can only be) brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* and it is well established that no jury trial is available for such claims.

**II.    Argument**

    A.    <u>Jury Trials Are Not Available for Claims Under ERISA</u>**.**

The Plan is a self-funded health and welfare benefit plan governed by ERISA, and is administered by Defendant Board of Trustees.  Dkt. No. 17, ¶¶ 1, 3, 5, 6, 7.  All of Plaintiff's causes of action in this case arise under ERISA § 502, 29 U.S.C. § 1132.  *Id.,* ¶ 1.[1]

It is well-established in the Ninth Circuit and nationwide that there is no right to a jury trial under ERISA.  *E.g., Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations,* 244 F.3d 1109, 1114 (9th Cir. 2001); *Thomas v. Oregon Fruit Prods. Co.,* 228 F.3d 991, 996-97 (9th Cir. 2000).  Thus, Plaintiff is not entitled to a jury trial with respect to any of the claims in this action.

---

[1] Although it is unclear whether Plaintiff's breach of contract claim (*see* Dkt. No. 17, ¶¶ 2, 38-42) seeks relief under ERISA or state law, he cannot claim that a right to jury trial should attach on the basis of any state law breach of contract claim.  Any state law claims would, of course, be completely preempted by ERISA in this case.  Any state or common law claim that comes within the scope of ERISA's civil enforcement provisions "duplicates, supplements, or supplants the ERISA civil enforcement remedy" and "conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Aetna Health Inc. v. Davila*, 542 U.S. at 200, 209 (2004).

Mem. in Support of Dfts' Mot. to　　　　　　　　　Olsen v. Alaska Teamster-Employer Welfare Plan, *et al*
Strike Plaintiff's Jury Demand　　　　　　　　　　　　　　　　　　　　　　　　　　4:11-cv-00015-RRB
Page 2 of 9

> B.     <u>Plaintiff Cannot Attempt to Claim That Any of His Claims Under ERISA Provide a Right to Jury Trial</u>.

Regardless of how Plaintiff attempts to characterize his claims, it is well-established in the Ninth Circuit (and elsewhere) that claims for benefits and other relief under ERISA are equitable, not legal, and there is no right to a jury trial for such claims.

The Ninth Circuit has held that *all* relief available under ERISA § 502 is equitable in nature and that there is no "independent constitutional or statutory right to jury trial in ERISA actions." *Thomas*, 228 F.3d at 995-96 (quoting *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1985)).[2] Interpreting *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993), the *Thomas* court held that when plan participants bring claims under ERISA, they are not entitled to a jury trial. *Id*. at 996; *see also Spinelli*, 12 F.2d at 857 (holding that jury trial was unavailable because "[b]y its terms, section 502 . . . provides only for equitable relief"). This of course includes claims for benefits under ERISA § 502. *Thomas*, 228 F.3d at 996.

Contrary to prior suggestions by Plaintiff in this action, the Supreme Court's decision in *Great West v. Knudson*[3] has not altered the settled Ninth Circuit law on this subject. In the nearly 10 years since the *Great West* decision, *every* circuit court addressing this issue has ruled in accord with the holding in *Thomas* that a jury trial right is unavailable for claims under ERISA § 502.[4] Under the settled law a jury trial is unavailable on any of Plaintiff's claims herein.

---

[2] Plaintiff asserts separate causes of action for breach of contract and breach of fiduciary duty (*see* Dkt. No. 17, at ¶¶ 38-48), seeks penalties under ERISA § 502(c)(1) for failure to timely disclose documents under ERISA, payment of attorneys' fees and costs under ERISA § 502(g)(1), and seeks pain and suffering, emotional distress, and loss of consortium damages. Dkt. No. 17, at 13 ("Request for Relief"). Like his claim for benefits, Plaintiff's other claims all necessarily arise under ERISA § 502, and no jury trial is available. *Thomas*, 228 F.3d at 996.

[3] *Great West Life & Annuity Insurance Company v. Knudsen*, 534 U.S. 204 (2002).

[4] *E.g., O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits"); *Eichorn v. AT&T Corp.*, 484 F.3d 644, 656 (3d Cir. 2007) (reiterating previous holding that there is no right to a jury trial in actions under ERISA § 502(a)(1)(B)); *Reese v. CNH America LLC*, 574 F.3d 315, 327 (6th Cir. 2009) (because relief under ERISA is equitable rather than legal, the Seventh Amendment does not guarantee a jury trial in ERISA cases); *McDougall v. Pioneer Ranch Ltd.*

Mem. in Support of Dfts' Mot. to     Olsen v. Alaska Teamster-Employer Welfare Plan, *et al*
Strike Plaintiff's Jury Demand     4:11-cv-00015-RRB
Page 3 of 9

C. To Whatever Extent Plaintiff Asserts Claims Under ERISA § 502(a)(3), No Jury Trial Right Exists for Such Claims.

In addition to actions for benefits under ERISA § 502(a)(1)(B), ERISA provides a cause of action to obtain "other appropriate equitable relief" to redress violations of ERISA or the terms of the plan. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Although Plaintiff's Amended Complaint does not specifically reference ERISA § 502(a)(3), Plaintiff's cause of action alleging fiduciary breach appears to seek relief under that section.[5] To the extent that Plaintiff's fiduciary breach claim, or any other claim can be characterized as a claim under ERISA § 502(a)(3), such assertions would not provide a right to jury trial, as the relief under that section of ERISA is purely equitable in nature (as Plaintiff himself has previously conceded – *see* Dkt. No. 15, at 2-3). *Thomas*, 228 F.3d at 996.

D. There Has Been No Change in the Controlling Authority in the Ninth Circuit.

To the extent that Plaintiff persists in asserting that *Thomas* was effectively overruled by the Supreme Court's decision in *Great West,* any such argument is unsupported by any relevant legal authority and is completely without merit.

---

*P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) (no jury trial in ERISA cases because its antecedents are equitable, not legal); *Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009) (Seventh Amendment guarantees no right to a jury trial in a Section 502(a) action for benefits because that section's antecedents are equitable, not legal, even though remedy may include payments of money for plan benefits that should have been paid); *Vegter v. Canada Life Assur. Co.*, 311 Fed. Appx. 248, 249 (11th Cir. 2009) (affirming district court decision that former employee seeking relief under ERISA for denial of disability benefits did not have a right to a jury trial because the statute provided for equitable remedies).

[5] The only other fiduciary breach claim available under ERISA, one brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), can only be brought on behalf of the plan as a whole and cannot be the basis for relief to an individual participant. *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985). As Plaintiff's Amended Complaint does not purport to seek relief on behalf of the Plan, and because the relief Plaintiff seeks is expressly limited to payment of benefits and other individualized damages (*see* Dkt. No. 17, ¶¶ 41-42) it appears that Plaintiff's only potential fiduciary breach claim is under ERISA § 502(a)(3). *See, e.g., Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

1. *Thomas Has Not Been Overruled, Explicitly or Implicitly, by the Supreme Court's Decision in Great West*.

District courts and three-judge panels of the Ninth Circuit must consider themselves bound by the existing law of the circuit unless it is "clearly irreconcilable" with an intervening decision of the Supreme Court. *Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007); *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003). Plaintiff cannot argue that *Thomas* is clearly irreconcilable with the Supreme Court's decision in *Great West*, especially considering the wealth of Circuit Courts (and district courts within the Ninth Circuit) that have rejected any such suggestion.

*Great West* held that claims under ERISA § 502(a)(3) are *solely equitable* in nature. *Great West*, 534 U.S. at 221. Of course, as *Great West* solely involved a claim under ERISA § 502(a)(3), the Supreme Court did nothing to upset the settled law throughout the circuits that ERISA actions (under ERISA § 502(a)(3) and other subsections) constitute equitable claims. *Graham*, 589 F.3d at 1356. (In fact, *Great West* did not involve the issue of jury trial rights under ERISA at all.) Moreover, all of the district court cases in the Ninth Circuit considering Plaintiff's earlier argument of an implicit overruling of *Thomas* by *Great West* have soundly rejected it. *Martorello v. Sun Life Assur. Co. of Canada*, 2009 WL 1227011, *6 (N.D. Cal. 2009); *In re First American Corp. ERISA Litigation*, 2009 WL 536254, *2-4 (C.D. Cal. 2009); *Fontana v. Guardian Life Ins. Co. of America*, 2008 WL 895700, *1 (N.D. Cal. 2008); *Fowler v. Aetna Life Ins. Co.,* 2008 WL 4911172, *5 (N.D. Cal. 2008); *Davison v. Hartford Life and Accident Ins. Co.*, 2005 WL 807045, *1 (N.D. Cal. 2005).[6]

---

[6] District courts outside of the Ninth Circuit have similarly held that *Great West* did not alter jury trial rights under ERISA. *Jetseck v. Prudential Ins. Co. of Am.*, 2007 WL 3449031, *1-2 (N.D. Ill. 2007); *Reese v. CNH Global N.V.*, 2007 WL 2484986, *2 (E.D. Mich. 2007); *Abbott v. Lockheed Martin Corp.*, 2007 WL 2316481, *2-3 (S.D. Ill. 2007); *Kennedy v. ABB Inc.*, 2007 WL 2323395, *1 (W.D. Mo. 2007); *Ellis v. Rycenga Homes, Inc.*, 2007 WL

Given the wealth of authorities supporting the *Thomas* court's analysis within the Ninth Circuit since *Great West*, it seems unnecessary to give further consideration to the question whether *Thomas* is "clearly irreconcilable" with the Supreme Court's decision in *Great West*. To the extent warranted, however, a review of the relevant authorities only confirms that *Thomas* is undisturbed by the *Great West* decision.

Subsequent to *Great West*, courts across the nation have continued to concur with *Thomas* that actions to recover plan benefits and other claims under ERISA § 502 constitute *equitable* claims. *E.g., Graham*, 589 F.3d at 1356-57 (rejecting argument that claims under ERISA § 502(a)(1)(B) to recover benefits are actually legal contract claims, and instead concluding that such actions are inherently equitable in nature); *Reese*, 574 F.3d at 327 (holding that although a monetary award is generally a form of legal relief, in health benefits cases under ERISA § 502(a)(1)(B), any monetary relief is at best incidental to equitable claims); *First American*, 2009 WL at *2-3 (holding that where traditionally "legal" relief such as money damages is inextricably intertwined with equitable relief the nature of the relief as a whole is not legal but equitable); *Termini v. Life Ins. Co. of North America*, 474 F. Supp. 2d 775, 777-8 (E.D. Va. 2007) (same).

Just as in the cases above, any "legal" relief Plaintiff may assert is inextricably intertwined with the equitable relief he seeks, as it is contingent upon a declaration by the Court that he is entitled to Plan benefits. Under *Thomas* and all other relevant authorities, the relief Plaintiff seeks as a whole is equitable, and no jury trial is available.

---

1032367, *3-4 (W.D. Mich. 2007); *Heindenreiter v. Unum Life Ins. Co. of Am.*, 2006 WL 1525956, *1 (N.D. Okla. 2006); *Allison v. Unum Life Ins. Co.*, 2005 WL 1457636, *13-14 (E.D.N.Y. 2005).

2.   *Plaintiff's Cited Authorities Do Not Establish a Right to a Jury Trial*.

The authorities previously cited by Plaintiff do not establish entitlement to a jury trial. Any reliance on *Nechis v. Oxford Health Plain, Inc.,* 421 F.3d 96 (2nd Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. 2003) to suggest a right to jury trial herein is misplaced, in several ways. First, both *Nechis* and *Bona* were limited to fiduciary breach claims under ERISA § 502(a)(2), which Plaintiff has not alleged here and cannot allege in any event. *See Nechis*, 421 F.3d at 102-03; *Bona*, 2003 WL *34-35.[7]

Second, even if Plaintiff's claims herein *were* for breach of fiduciary duty under ERISA § 502(a)(2), district courts in the Ninth Circuit have expressly rejected arguments based on *Bona* that fiduciary breach claims confer a right to jury trial – or that *Bona*, a single district court opinion from the Second Circuit, establishes that *Great West* is "clearly irreconcilable" with *Thomas*. *First American*, 2009 WL at *3-4 ("[*Bona*] is based on the flawed premise that *Great West* provides a right to jury trial under § 502(a)(2)"); *Fowler,* 2008 WL at *5 (N.D. Cal. 2008) (no jury trial in ERISA § 502(a)(2) fiduciary breach claim). Finally, *Nechis* did not address jury trial rights under ERISA at all, and more recent and direct authority from the Second Circuit plainly states that "there is no right to a jury trial in a suit brought to recover ERISA benefits." *O'Hara,* 642 F.3d at 116.

In sum, there is no basis for this Court to disregard the controlling Ninth Circuit authorities and grant a jury trial in this matter. This is especially the case when one considers that not only has there been nothing to establish that controlling Ninth Circuit authority is

---

[7] As noted above, an ERISA fiduciary breach claim pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) can only be brought on behalf of the plan as a whole and cannot be the basis for relief to an individual participant like that sought here. *Russell,* 473 U.S. at 142 n.9.

Mem. in Support of Dfts' Mot. to  Olsen v. Alaska Teamster-Employer Welfare Plan, *et al*
Strike Plaintiff's Jury Demand  4:11-cv-00015-RRB
Page 7 of 9

"clearly irreconcilable" with *Great West*, but that numerous courts within and outside the Ninth Circuit have held precisely the opposite.

## III. Conclusion

For the foregoing reasons, Defendants respectfully request that Plaintiff's jury demand be stricken, and that the Court docket this matter as a non-jury case.

DATED this 27th day of December, 2011, at Seattle, Washington.

By: s/ Michael P. Monaco

SONG MONDRESS PLLC
Counsel for Defendants
Alaska Teamster-Employer
Welfare Plan and Board of Trustees
720 Third Ave., Suite 1500
Seattle, WA 98104
E-mail: mmonaco@songmondress.com
Phone: (206) 398-1500
Fax: (206) 398-1501

Ronald L. Bliss
BLISS, WILKENS & CLAYTON
500 L. Street, Suite 200
Anchorage, AK 99501
E-mail: rlb@bwclawyers.com
Phone: (907) 276-2999
Fax: (907) 276-2956
(ABA No. 7605011)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jason A. Weiner
Gazewood & Weiner, PC
1008 16th Avenue
Suite 200
Fairbanks, AK 99701

                                                   s/ Michael P. Monaco