Michael P. Monaco
Song Mondress PLLC
720 Third Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 398-1500
Facsimile: (206) 398-1501
E-mail:  mmonaco@songmondress.com

Ronald L. Bliss
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone:  (907) 276-2999
Facsimile:  (907) 276-2956
E-mail:  rlb@bwclawyers.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

|  |  |
|---|---|
| JUSTIN OLSEN, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:11-cv-00015-RRB |
| ALASKA TEAMSTER-EMPLOYER WELFARE PLAN, and THE BOARD OF TRUSTEES, | ) ) ) |
| Defendants. | ) ) ) |

## REPLY IN SUPPORT OF DEFENDANTS'
## MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

### I.   Introduction

Plaintiff's opposition to Defendants' motion to strike Plaintiff's jury demand is

unfounded.  Controlling Ninth Circuit authority holds that there is no right to a jury trial for *any*

ERISA claims, including of course those asserted in this action.  *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 995-97 (9th Cir. 2000).  Plaintiff's suggestion that the Ninth Circuit's holding in *Thomas* was invalidated by the Supreme Court's decision in *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002) is unsupported by any authorities within the Ninth Circuit, and has been rejected by virtually all of the circuit and district courts that have considered it.  The jury trial demand should therefore be stricken.

## II.    Argument

A.    *Thomas* Is Not "Clearly Irreconcilable" with *Great West*.

"Plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA."  *Thomas*, 228 F.3d at 996.  The *Thomas* decision directly controls here unless Plaintiff demonstrates that it is "clearly irreconcilable" with an intervening Supreme Court ruling.  *E.g., Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007).  Despite Plaintiff's assertions that *Great West* somehow invalidated *Thomas*, he has offered *no argument whatsoever* that this controlling Ninth Circuit rule is to be disregarded on the basis that it is "clearly irreconcilable" with the Supreme Court's holding in *Great West*.  *See* Dkt. No. 24, at 5.

The reason for Plaintiff's silence is apparent: he cannot make such an argument.  In the more than 10 years since *Great West* was decided, not only has every Ninth Circuit district court decision on the issue rejected Plaintiff's argument, s*ee* Dkt. No. 24, at 5, but every other circuit court addressing the issue has only confirmed *Thomas's* holding.  *Id.,* at 3, note 4.

Avoiding a response to the authorities demonstrating that *Thomas* remains the controlling authority in the Ninth Circuit, Plaintiff attempts to distinguish *Thomas* and other circuit court decisions merely because they did not involve medical benefits under self-funded health and

welfare benefit plans.  Dkt. No. 26, at 2-3.[1]  However, despite Plaintiff's contentions, the Ninth

Circuit has clearly held that no jury trial exists for *any* ERISA claims.  *Thomas*, 228 F.3d at 995-

97.  And contrary to Plaintiff's apparent assertion, neither the Ninth Circuit nor any court has

ever even suggested that this is a special rule for particular types of benefits claims.  *See, e.g., id.*

     To the contrary, courts in the Ninth Circuit and nationwide have found the *Thomas* rule

applicable to *every* type of ERISA benefits claim – including claims to recover medical benefits.

*E.g., Thomas*, 228 F.3d at 996 (no jury trial for *any* claims under ERISA); *Graham v. Hartford*

*Life & Acc. Ins. Co.,* 589 F.3d 1345 (10th Cir. 2009) (disability benefits); *Bennett v. Great West*

*Life & Annuity Ins. Co.,* 2009 WL 2575891, *3 (S.D. Cal. 2009) (insured medical benefits); *Ali*

*v. California Field Ironworkers Trust Fund*, 2010 WL 358539, *3 (M.D. Fla. 2010) (insured

medical benefits); *Gillum v. Board of Trustees*, 2005 WL 1970663, *1 (S.D. Ohio 2005) (self-

funded medical benefits).

     In response to the wealth of caselaw establishing that a jury trial is not permitted, Plaintiff

cites only two cases in support of his contention that he is entitled to a jury trial: *Nechis v.*

*Oxford Health Plan, Inc.,* 421 F.3d 96 (2d Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932

(S.D.N.Y. 2003).  However, as Defendants explained in their opening brief herein, those cases

have no possible application here and cannot possibly establish that *Thomas* should be

disregarded as "clearly irreconcilable" with *Great West*.

     First, *Nechis* did not address jury trial rights *at all*, and Plaintiff has made no attempt to

explain why *Nechis* should entitle him to a jury trial when a more recent Second Circuit decision

---

[1] Ironically, however, while suggesting that controlling Ninth Circuit authority should be ignored because *Thomas* involved a claim for disability benefits rather than self-funded health benefits, Plaintiff has not cited *a single case* regarding a jury trial for self-funded ERISA health benefits claim.  *Spinelli v. Gaughan,* 12 F.3d 853 (9th Cir. 1993) involved a retaliatory discharge claim under ERISA § 510; *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. 2003) involved fiduciary breach claims arising out of alleged mismanagement of the fund and its investments; and *Nechis v. Oxford Health Plan, Inc.,* 421 F.3d 96 (2d Cir. 2005) involved a fiduciary breach claim against an insured health plan, but did not address jury trial rights at all.

that *did* address jury trials on ERISA claims plainly held that "there is no right to a jury trial in a suit brought to recover ERISA benefits."  *O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburg, PA,* 642 F.3d 110, 116 (2d Cir. 2011).  Second, Plaintiff has offered no explanation why this court should follow *Bona*, an unpublished district court opinion from the Second Circuit that has been uniformly rejected by district courts in the Ninth Circuit, *see* Dkt. No. 24, at 7, rather than *Thomas, O'Hara,* and the numerous contrary authorities within the Ninth Circuit.[2]

   B.   *Spinelli* Does Not Entitle Plaintiff to a Jury Trial on the Basis That He Seeks Only Legal Relief.

Plaintiff mistakenly claims that he is entitled to a jury trial on the basis that his claims are legal in nature, citing *Spinelli v. Gaughan*, 12 F.3d 853 (9th Cir. 1993) – a case predating both *Thomas* and *Great West*.[3]  However, in *Thomas* the Ninth Circuit *expressly* rejected any argument based on *Spinelli* that claims for ERISA benefits constitute "legal" relief or provide a right to jury trial.  *Thomas,* 228 F.3d at 995-97 ("our holding [in *Spinelli*] applie[s] equally to all claims by participants and beneficiaries seeking remedies under section 502 . . . . [T]he remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded").  Moreover, Plaintiff's reliance on *Spinelli* ignores the fact that *in that very case*, the Ninth Circuit held that the remedies under ERISA § 502 are *exclusively equitable*, and that damages are unavailable.  *Spinelli,* 12 F.3d at 857-58.  Neither *Spinelli* nor the Ninth Circuit's own interpretation of it can be read to support Plaintiff's opposition to the present motion.

---

[2]  Further, Plaintiff's claims regarding out-of-circuit authorities are particularly inapposite when considering that they can only support a departure from *Thomas* if they demonstrate that *Thomas* is "clearly irreconcilable" with an intervening Supreme Court decision.  *Day*, 496 F.3d at 1031.

[3]  Plaintiff falsely asserts that "Defendant's motion ignores the holding in *Spinelli v. Gaughan*," Dkt. No. 26, at 1, when in fact Defendants' motion explicitly discussed *Spinelli*.  *See* Dkt. No. 24, at 3.

**III.     Conclusion**

Plaintiff has not provided – and cannot provide – any legal basis for this Court to disregard the controlling authorities and wealth of other caselaw establishing that there is no right to a jury trial in this action.  Therefore, Defendants respectfully request that Plaintiff's jury demand be stricken.

DATED this 17th day of January, 2012, at Seattle, Washington.

By:  s/ Michael P. Monaco

SONG MONDRESS PLLC
Counsel for Defendants Alaska Teamster-
Employer Welfare Plan and Board of Trustees
720 Third Ave., Suite 1500
Seattle, WA 98104
E-mail:  mmonaco@songmondress.com
Phone:  (206) 398-1500
Fax:  (206) 398-1501

Ronald L. Bliss
BLISS, WILKENS & CLAYTON
500 L. Street, Suite 200
Anchorage, AK  99501
E-mail:  rlb@bwclawyers.com
Phone:  (907) 276-2999
Fax:  (907) 276-2956
(ABA No. 7605011)

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jason A. Weiner
Gazewood & Weiner, PC
1008 16th Avenue
Suite 200
Fairbanks, AK 99701

s/ Michael P. Monaco