IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JUSTIN OLSEN,

        Plaintiff,

vs.

ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and THE BOARD OF TRUSTEES,

        Defendant.

Case No. 4:11-cv-000015 RRB

## OPPOSITION TO MOTION TO DISMISS NON-ERISA CLAIMS

Plaintiff Justin Olsen, by and through undersigned counsel, Jason A. Weiner of Gazewood & Weiner, P.C., hereby opposes Defendants' Motion To Dismiss Non-Erisa Claims.

**I.    INTRODUCTION**

Defendants' latest motion (which is very similar to its original motion which sought the same relief and was withdrawn, most likely in an effort to seek delay on an obviously valid claim) seeks to dismiss Plaintiff's claims for damages for pain and suffering and emotional distress suffered by Plaintiff as a result of the Defendants' improper denial of his claim for medical benefits.  It also seeks to dismiss Plaintiff's claims for breach of contract, breach of fiduciary duty, and ERISA penalties.  Defendants do not appear to be relying on any specific facts in their motion to dismiss with regard to the damages for pain and suffering and emotional distress.

Defendants do appear to try and rely on facts with regard to the ERISA penalties claim, and this is completely inappropriate in a motion to dismiss.  Even assuming Defendants' motion to dismiss could consider factual questions, Defendants' rendition of the background of this claim is inaccurate and ignores the fact that while Defendants' provided answers to Plaintiff's

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Olsen v. Alaska Teamster-Employer
Case No.  4:11-cv-00015-RRB
        Page 1 of 11
Opposition to Motion to Dismiss Non-Erisa Claims

questions and claims, they provided no supporting information and ignored all of Plaintiff's requests for additional information and explanations. They also provided contradictory, inaccurate, and overall confusing answers to their claims, and continue to do so do this day, along with stall tactics and e-mail communications containing unnecessary posturing and unprofessional boasts (which can be shown to the Court upon request, and which are leading Plaintiff's counsel to consider challenging their permission to appear as non-eligible attorneys in this litigation if they cannot maintain the basic standards of courtesy and mutual respect which is standard procedure in Alaska). As such, the ERISA penalties claim continues to contain questions of fact, and Defendants' Motion to Dismiss should be denied on this claim because of the existence of questions of fact, and should be adjudicated by this Court.

## II.  FACTUAL BACKGROUND

Defendants' factual background contains some basic facts that are not contested. Plaintiff does not contest that the Plan is a self-funded employee health and welfare benefit plan, and is sponsored and administered by its Board of Trustees. This fact is one reason why there is a structural conflict of interest, in that the managers of the fund are also making decisions regarding individual coverage for procedures. Plaintiff Justin Olsen was and is a participant in the Plan, and was entitled to receive health benefits to the extent provided under the Plan's terms and conditions.

Plaintiff did file a claim for preauthorization for temporomandibular joint (TMJ) reconstruction on March 31, 2010. See Exhibit 1, March 31, 2010 letter for preauthorization from Larry M. Wolford, DMD. As stated in Plaintiff's detailed complaint, the Plan issued an April 12, 2010 notice denying Plaintiff's claim because "the documentation does not support the medical necessity to approve … at this time." See Exhibit 2, April 12, 2010 non-certification notice. This letter was not included with the Plan's initial delayed response to Plaintiff's request

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

for documents on May 17, 2011, and there is no indication that Plaintiff actually received a copy of this letter. See Exhibit 3, July 21, 2011 Letter from Qualis Health in response to request for records. The April 12, 2010 letter was incomplete, did not include what information was actually considered by Qualis Health, and did not request additional information.

In what would be the beginning of a series of confusing and inaccurate letters from the Plan, on April 23, 2010, the Plan tried to claim that "services for TMJ reconstruction and arthoplasty" were not covered by the Plan. See Exhibit 4, April 23, 2010 Denial Letter from AlaskaTeamster-Employer Welfare Trust. This turned out to be completely untrue, and the Plan has since tried to ignore the existence of this April 23, 2010 letter. It also contained inaccurate information regarding Mr. Olsen's ability to provide any additional information, and did not include any information relied on to support the denial. In the meantime, as stated in Plaintiff's First Amended Complaint at pages 5 and 6, paragraph 18, Plaintiff was being inaccurately advised by Dennie Castillo, a representative of the Plan, about amendments that were being made to the plan when no such amendments needed to be made.

On May 11, 2010, Qualis Health provided Plaintiff with a decision on appeal, again claiming that the proposed and recommended procedure "would have a high risk of not addressing patient's complaint of pain," but did not provide the additional clinical rational used in making the appeal decision. Exhibit 5, Qualis Health's May 11, 2010 upheld appeal notice. This letter even provided a confusing statement at the end stating that they could not "preauthorize" Plaintiff's request for benefits, but did not state they were ultimately denying the claim. This letter, like the previous letters, was confusing, did not include sufficient information to explain the denial or the information supporting the denial, and alluded to additional available information that was not provided with the May 11, 2010 denial.

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

On or about June 3, 2010, Plaintiff sent a letter to the Plan appealing Qualis Health's May 11, 2010 denial, pointing out the terrible pain he was in, all the efforts he has made to deal with the condition, including exercises and medication, and pleaded with the Plan to pay for his surgery.  See Exhibit 6, June 3, 2010 Letter from Justin Olsen With Plea For Plan To Honor Benefits Contract.  On July 6, 2010, a review was scheduled by the Plan, but without any information as to what would be reviewed, and without any information regarding the record considered to date or any request for additional information.  See Exhibit 7, July 6, 2010 Notice of Review from the Plan.  The review was performed on July 16, 2010, and after the review, the Plan opted to have another "independent" review done through AllMed Healthcare.  See Exhibit 8, July 16, 2010 Administrative Committee meeting minutes; Exhibit 9, July 19, 2010 Letter from Dennie Castillo Re: Need for Additional Information; Exhibit 10, August 3, 2010 Letter from Dennie Castillo to AllMed Health Care Management.

As stated in Plaintiff's Complaint at page 7 and 8, paragraph 23, Alicia Olsen, Plaintiff's wife, contacted Ms. Castillo and asked to speak to the reviewer or have the reviewer speak to Plaintiff's physician, and was told by Ms. Castillo that this was not possible, and that the records submitted to the reviewer were not complete.  Ms. Castillo again provided only limited information, and did not provide Plaintiff or his wife with any of the record that would be submitted to the "independent" reviewer.

Finally, on August 23, 2010, Mr. Olsen received the Plan's final decision letter.  See Exhibit 11, August 23, 2010 Administrative Committee meeting minutes; Exhibit 12, August 23, 2010 Final Decision Letter from Plan.  This letter was extremely brief and provided no explanation for the decision, other than that no Plan benefits may be extended for procedures that are not medically necessary or that are experimental and/or investigational treatment.  As stated in Plaintiff's Complaint at Page 8, paragraph 25, Plaintiff contacted Ms. Castillo to see if there

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

was anything more he could do or provide that would help his case. Ms. Castillo said there was nothing more he could do. She then suggested that the independent medical reviewer had suggested that Mr. Olsen first try orthognathic surgery, a procedure that was not a more conservative option than TMJ surgery and was excluded from the plan.

As the saying goes, the proof is in the pudding. As stated at Pages 8 and 9, paragraph 26 of Plaintiff's Complaint, Mr. Olsen ultimately had the medical procedure performed at his own expense after suffering many months of pain and anguish pleading to the deaf ears of the Plan administrators. The Plan administrators were more interested in denying whatever procedures they thought they could get away with instead of honoring the Plan's contract provisions. Mr. Olsen's pain and quality of life have significantly improved since obtaining the surgery.

Plaintiff, through his attorney and his attorney's paralegal, made two requests for information. The first was made on May 17, 2011 to Dennie Castillo requesting any documents pertaining to Mr. Olsen's denial and subsequent appeals. See Exhibit 13, May 17, 2011 Letter from Yauna Taylor to Dennie Castillo. The second was made to Jan Cunningham at Qualis Health on July 5, 2011. See Exhibit 14, July 5, 2011 Letter from Yauna Taylor to Jan Cunningham. Qualis Health replied with only a few documents on July 21, 2011. See Exhibit 3. The Plan did not reply until August 17, 2011, and while they included numerous records, Plaintiff does not believe he has been provided everything. See Exhibit 15, Letter from Michael P. Monaco with attached file documents. According to 29 U.S.C. § 1132(c)(1)(B), the Plan had 30 days to respond to Plaintiff's request for information. It took the Plan more than three times the 30 days permitted for a response, or 92 days. The response was submitted in no cognizable order, was not stamped or numbered in any way, and is believed to be deficient.

### III.   LEGAL STANDARD

**GAZEWOOD & WEINER, PC**
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Olsen v. Alaska Teamster-Employer**
**Case No. 4:11-cv-00015-RRB**                Page 5 of 11                **Opposition to Motion to Dismiss Non-Erisa Claims**

Plaintiff does not take issue with the essence of Defendants' recitation of the legal standard that applies to this motion to dismiss. Material allegations are taken as admitted and the complaint in construed in plaintiff's favor. Detailed factual allegations are not required. Memorandum in Support of Motion to Dismiss at page 5. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. Plaintiff has supported his burden of proof and then some.

IV. ARGUMENT

**A. Plaintiff's Claims of Emotional Distress, Pain and Suffering, and Loss of Consortium Should Be Considered By This Court *De Novo*.**

Defendants claim that Plaintiff's Claims of Emotional Distress, Pain and Suffering, and Loss of Consortium should be dismissed because this is an ERISA claim, and there is a blanket prohibition under ERISA for non-economic damages claims. There is nothing in the statute prohibiting such claims. Defendants cite solely to case law. Defendants also do not discuss what happens when denials are so clearly unsupported and contradictory to constitute reckless, if not intentional, breaches of contract and fiduciary duties.

As stated in Plaintiff's Opposition to Motion to Strike Jury Demand, the cases cited by Defendants are dated. With the decision by the United States' Supreme Court in 2002 in *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002), and cases following *Great West Life*, such as *Nechis v. Oxford Health Plan, Inc.*, 421 F.3d 96 (2d. Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. March 20, 2003), the legal landscape has changed on this issue. Some of the remedies that can be obtained under ERISA are considered "legal" in nature. Therefore, precedent which attempts to limit remedies under ERISA based on outdated definitions of actions in "equity" versus actions in "law" also no longer apply. With the

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

change in the characterization of actions under ERISA should come a change in the limitation on recovering pain and suffering, emotional distress, and loss of consortium damages.

Even should the Court find that *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003 (9th Cir. 1998), the primary case cited by Defendants in support of their motion to dismiss, remains good law, the Court should actually apply the language in the *Bast* decision and find that pain and suffering, emotional distress, and loss of consortium damages are recoverable under ERISA. The entire premise of the *Bast* decision was that ERISA claims must be limited to the outline set forth in ERISA's civil enforcement provision regarding claims available to a participant or beneficiary. *Bast,* 150 F.3d at 1008-09. That means that if there is a provision in ERISA that allows for Plaintiff's claims of pain and suffering, emotional distress, and loss of consortium to be considered, Defendants' motion to dismiss these claims must be denied.

In fact, there is such a provision the specifically provides for Plaintiff's claims of pain and suffering, emotional distress, and loss of consortium – 29 U.S.C. § 1132(c). This provision provides for penalties for Defendant's refusal to supply requested information. Under 29 U.S.C. § 1132(c)(1)(B), a penalty of up to $100 a day from the date of such failure or refusal (defined as 30 days after the request was made) may be assessed. The purpose of this penalty is to ensure that requests for information are responded to promptly, and that a beneficiary of the plan does not have to endure excruciating pain and suffering, emotional distress, and loss of consortium any longer than is reasonably necessary while the Defendants decide whether they are going to honor a valid claim for benefits.

In this case, Defendants still have not provided all the information Plaintiff has requested since March 31, 2010. Subtracting 30 days after March 31, 2010 as set forth in the ERISA statute, Defendants' response is 591 days overdue. This means that Defendants can be liable for as much as $59,100 in penalties to date, and that amount could increase substantially as

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Defendants continue to delay this case by failing to file an answer to the complaint and instead focusing on piece meal motions to dismiss. Plaintiff has preserved these claims in his complaint.

In assessing these penalties, the Court should consider the extended and unnecessary pain and suffering, emotional distress, and loss of consortium Plaintiff has suffered as a result of Defendants' improper denial of benefits and delay in providing information to Plaintiff as requested long ago. Because these factors should be considered in assessing penalties, Defendants' Motion to Dismiss Damages Claims must be denied.

### B. Plaintiff's Contract Claims Should Be Considered By This Court.

As Stated in Defendants' Motion to Dismiss at page 7, Plaintiff has asserted that the Plan's denial of benefits constituted a breach of contract for which he is entitled to recover benefits. Plaintiff did not specify whether Plaintiff sought relief under federal common law or state law. Defendants then cite to *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1225-26 (9th Cir. 2005).

In *Cleghorn*, the claimant insisted on asserting only breach of contract under state law, and refused to assert any claims under ERISA. *Id.* at 1224-25. Plaintiff has asserted numerous claims under ERISA, has cited the statute several times in his complaint, and has simply characterized his claims as breach of contract claims, which they are. Plaintiff is completely free to characterize his claims any way he wishes, so long as he also asserts his claims under ERISA. Plaintiff has done exactly this by citing to ERISA and characterizing his claims as breach of contract. Defendants' motion to dismiss Plaintiff's breach of contract claim, to the extent his claim is characterized as a breach of contract claim, should be denied and considered frivolous at best.

### C. Plaintiff Has Set Forth A Prima Facie Case Of Breach of Fiduciary Duty and Structural Conflict of Interest, and Should Be Permitted To Pursue These Claims and Have His Case Considered De Novo.

GAZEWOOD & WEINER, PC
1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

Defendants argue that Plaintiff has failed to identify any particular fiduciary duty that has been breached, and that Plaintiff's "conclusory assertions" faile to state a claim for ERISA fiduciary breach. Defendants motion again simply seeks to cause delay and make arguments that lack any legal basis or purpose, while ignoring well established Ninth Circuit precedent.

The Ninth Circuit first indicated that "a denial of benefits challenged under ERISA is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan" in *Thomas v. OR Fruit Prod.*, 228 F.3d 991, 993 (9th Cir. 2000). The Court went on to find that the discretion to grant or deny claims had to be "unambiguously retained" by a plan administrator or fiduciary. *Id.* at 994. The Court held that a policy that conditions payment of benefit on the "receipt of satisfactory written proof" of disability was ambiguous because it is susceptible of three interpretations. *Id.* The Ninth Circuit went on to elaborate regarding application of the *de novo* standard in *Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009), when it found that because the managing entity for the ERISA plan, Met Life, both determined eligibility for benefits and paid benefit awards (just like the Plan at issue in this case), the Plan operated under a structural conflict of interest and the Court must consider this conflict of interest and consider evidence outside of the administrative record. *Id*. at p. 1153.

Defendants' August 23, 2010 letter, set forth as Exhibit 12, sets forth precisely the conflict of interest and retention of ambiguous discretion to grant or deny claims that was discussed in *Thomas* and *Nolan*. In the third paragraph of this letter, the Plan stated that the basis of their denial what that the "services … are not medically necessary" and constituted "experimental and/or investigational treatment." The terms "medically necessary" and "experimental and/or investigational treatment" are not defined in the letter, nor are they defined in "Section 7" of the plan. This ambiguous discretion is precisely what *Nolan* and *Thomas* had

**GAZEWOOD &
WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

warned about. Plaintiff's claims of breach of fiduciary duty and structure conflict of interest, to the extent these claims preserve Plaintiff's right to have his claims considered *de novo* and to submit information outside the record, should be permitted to proceed by this Court.

### D. Plaintiff's Penalty Claims Should Be Considered By The Court.

Defendants attempt to claim that even though their responses to Plaintiff's claim and requests for information were delayed, incomplete, contradictory, and confusing, they should not be subject to any penalty claims because they gave some type of answer. Considering Defendants' repeated insistence on following the letter of the ERISA statute, it is surprising that they would make this argument.

29 U.S.C. § 1132(c)(1)(B) express states that any administrator that "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may … be … liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal."

As stated in Plaintiff's complaint, Plaintiff, through his submission, submitted a claim for benefits. He submitted several appeals after he was initially denied with contradictory and unsupported responses. All of these submissions required not just some blanket, inaccurate, ambiguous, or contradictory denial, but a reasonable, complete, and supported explanation of the denial. Then, when Plaintiff, on May 17, 2011, requesting any documents pertaining to his denial and subsequent appeals and did not receive anything from the plan for 92 days, Defendants again violated 29 U.S.C. § 1132(c)(1)(B). Plaintiff not only has set forth a prima facie claim for penalties, he most likely has submitted a claim which merits summary judgment in his favor.

GAZEWOOD &
WEINER, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

## V. CONCLUSION

In conclusion, the Court should deny Defendants' Motion to Dismiss Non-Erisa Claims in its entirety. Plaintiff's claims of emotional distress, pain and suffering, and loss of consortium; breach of contract; breach of fiduciary duty; and ERISA penalties should all be considered by the Court on their factual merits.

Dated: January 17, 2012

GAZEWOOD & WEINER, PC
Attorney for Defendants

By: /s/ Jason A. Weiner
Jason A. Weiner
ABA No. 9906031

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was provided via electronic filing using the CM/ECF system with the Clerk of Court to the following:

Ronald L. Bliss
500 L Street, Ste 200
Anchorage, AK 99501

Michael P. Monaco
720 Third Ave., Ste 1500
Seattle, WA 98104

Dated: 1/17/12   By: Jason Weiner

---

**GAZEWOOD & WEINER, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com