Michael P. Monaco
Song Mondress PLLC
720 Third Avenue, Suite 1500
Seattle, WA 98104
Telephone: (206) 398-1500
Facsimile: (206) 398-1501
E-mail: mmonaco@songmondress.com

Ronald L. Bliss
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 276-2999
Facsimile: (907) 276-2956
E-mail: rlb@bwclawyers.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| JUSTIN OLSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALASKA TEAMSTER-EMPLOYER WELFARE ) <br> PLAN, and THE BOARD OF TRUSTEES, ) <br> ) <br> Defendants. ) | Case No. 4:11-cv-00015-RRB |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS NON-ERISA CLAIMS**

**I.   Introduction**

Plaintiff's opposition to Defendants' motion to dismiss Plaintiff's non-ERISA claims is unfounded.  The opposition simply ignores multiple controlling Ninth Circuit authorities

mandating dismissal, in favor of inapposite and out-of-circuit authorities.  Plaintiff's claims for the following should therefore be dismissed:  (1) pain and suffering, emotional distress, and loss of consortium damages; (2) breach of contract; (3) fiduciary breach and "structural conflict of interest"; and (4) ERISA nondisclosure penalties related to Plaintiff's March 31, 2010 claim submission.

## II.     Argument

### A.     Plaintiff Cannot Seek Compensatory or Extracontractual Damages Under ERISA.

"Extracontractual, compensatory and punitive damages are not available under ERISA." *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1009 (9th Cir. 1998).  Plaintiff incorrectly asserts that this Court should disregard this directly controlling Ninth Circuit authority based on his assertion that it has been implicitly overruled by the Supreme Court's decision in *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002).  Plaintiff's claim on this point not only ignores the controlling standards for consideration of intervening Supreme Court decisions, but the Ninth Circuit's own express reaffirmation of *Bast* as "consistent" with *Great West*.

#### 1.     *Bast* Is Not "Clearly Irreconcilable" with *Great West*.

*Bast* controls here unless it is "clearly irreconcilable" with an intervening decision of the Supreme Court.  *Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007).  However, while claiming that *Great West* implicitly overruled *Bast*, Plaintiff makes no attempt whatsoever to show that *Bast* and *Great West* are "clearly irreconcilable" as the Ninth Circuit requires.

Beyond failing even to address the "clearly irreconcilable" standard, Plaintiff's argument of an implicit overruling of *Bast* by *Great West* has been *expressly* rejected by the Ninth Circuit.  In *Zavala v. Trans-System, Inc.,* 258 Fed.Appx. 155, 157-58 (9th Cir. 2007), the Court of

Appeals held that "we cannot revisit *Bast* in light of *Great West*, because *the two decisions are consistent. . .* Plaintiff's ERISA claims are compensatory, legal remedies *which are not recoverable under ERISA*." *Zavala*, 258 Fed.Appx. at 157-58 (emphasis added).  A Ninth Circuit district court has likewise held that "*Great West* . . . did not in any way overrule the Ninth Circuit's decision in *Bast*, a decision which this district court must follow." *Fontana v. Guardian Life Ins. Co. of America*, 2008 WL 895700, *1 (N.D. Cal. 2008).  Moreover, since *Great West*, the Supreme Court itself has reaffirmed its prior holdings that extracontractual, compensatory, and punitive damages are "remedies beyond those authorized under ERISA." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214-15 (2004).  Plaintiff's argument is at odds with all of the relevant authorities since *Great West*, including the Supreme Court, the Ninth Circuit, and Ninth Circuit district courts – none of which are addressed in his opposition.[1]

> 2.  *Nondisclosure Penalties Under ERISA § 502(c) Are Not Compensatory, and Do Not Provide a Basis for Plaintiff's Claims of Pain and Suffering, Emotional Distress, or Loss of Consortium.*

Notwithstanding *Bast's* direct holding to the contrary, Plaintiff alternatively asserts – without citation to any supporting authorities – that nondisclosure penalties under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1) can provide a basis for his claims for pain and suffering, emotional distress, and loss of consortium.  Not only does this argument fly in the face of *Bast*, but courts have uniformly held that the purpose of ERISA § 502(c)(1) is *not* to compensate participants for injuries, but to promote compliance with ERISA disclosure rules.  *E.g., Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 (4th Cir. 1996); *Mondry v. American Family Mut. Ins. Co.,* 557 F.3d 781, 806 (7th Cir. 2009); *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1494 (11th

---

[1] Instead of addressing the controlling Ninth Circuit authorities, Plaintiff relies upon the inapposite Second Circuit cases of *Nechis v. Oxford Health Plan, Inc.,* 421 F.3d 96 (2d Cir. 2005) and *Bona v. Barasch*, 2003 WL 1395932 (S.D.N.Y. 2003).  In light of *Zavala, Davila,* and *Fontana,* these cases cannot possibly establish that *Bast* is "clearly irreconcilable" with *Great West,* or that Plaintiff is entitled to recover damages for emotional distress, pain and suffering, or loss of consortium.

Cir. 1993); *Teen Help, Inc. v. Operating Engineers Health and Welfare Trust Fund*, 1999 WL 1069756, *5 (N.D. Cal. 1999).[2]

  B. <u>ERISA Does Not Authorize Breach of Contract Claims</u>.

    1. *Plaintiff's Opposition Ignores the Controlling Law That ERISA Does Not Authorize Breach of Contract Claims.*

As Defendants explained in the opening brief on this motion, "claims relating to ERISA plans must . . . invoke the specific remedies of ERISA § 502." *Pacificare Inc. v. Martin*, 34 F.3d 834, 836 (9th Cir. 1994); *see* Dkt. No. 23, at 9. Plaintiff's opposition, however, does not even acknowledge the fact that the Ninth Circuit has expressly refused to create a common law cause of action for breach of contract under ERISA. *See* Dkt. No. 23, at 9.

    2. *Plaintiff Is Not Merely Characterizing Valid ERISA Claims as Breach of Contract Claims, But Asserting a Separate Cause of Action for Breach of Contract.*

In his opposition brief, Plaintiff suggests that he is not asserting a separate breach of contract claim but merely *characterizing* his valid ERISA claims as claims for breach of contract. To the contrary, Plaintiff's Amended Complaint specifically asserts "breach of contract" as a cause of action *separate and apart* from his claim for benefits under ERISA § 502(a)(1)(B), Dkt. No. 17, ¶¶ 38-42, and requests damages for breach of contract *in addition to* any relief he seeks under a particular section of ERISA. *Id.*, at 13 ("Request for Relief"). Despite his assertions to the contrary, Plaintiff is not merely characterizing valid ERISA claims as breach of contract claims, but is attempting to bring his breach of contract claim as a separate cause of action – one not authorized by ERISA.

---

[2] While harm caused by a failure to respond as required to an ERISA information request can be considered by the court in determining a penalty for nondisclosure, *e.g., Faircloth*, 91 F.3d at 659, Plaintiff's Amended Complaint expressly seeks damages for pain and suffering, emotional distress, and loss of consortium *independently* of his claim for penalties under ERISA § 502(c)(1). Dkt. No. 17, at 13-14 ("Request for Relief"). ERISA § 502(c)(1) simply does not create an independent basis upon which Plaintiff may bring claims for pain and suffering, emotional distress, or loss of consortium in contravention of the Ninth Circuit's express holding that "[e]xtracontractual, compensatory, and punitive damages are not available under ERISA." *Bast*, 150 F.3d at 1009.

As noted above, "claims related to ERISA plans must . . . invoke the specific remedies of ERISA § 502." *Pacificare,* 34 F.3d at 836.[3]  Plaintiff *has* explicitly made a claim to recover benefits under ERISA § 502(a)(1)(B) – a claim that Defendants have not sought to dismiss (and are prepared to address on the merits).  *See* Dkt. No. 17, ¶¶ 33-35.  But Plaintiff cannot expand the scope of the relief available to him under ERISA by asserting a separate cause of action for breach of contract that is not part of ERISA's particularized enforcement scheme, and which the Ninth Circuit has expressly rejected.  *Lea v. Republic Airlines, Inc.,* 903 F.2d 624, 631-33 (9th Cir. 1990) (rejecting the notion of a federal common law breach of contract cause of action under ERISA); *see Pacificare*, 34 F.3d at 835-36 ("the Ninth Circuit has expressly refused to create federal common law causes of action under ERISA").

      C.      <u>Plaintiff Has Failed to State a Claim of Fiduciary Breach or Conflict of Interest.</u>

           1.      *Plaintiff Has Failed to Respond to Any of the Ninth Circuit Authorities Relevant to His Fiduciary Breach and Conflict of Interest Claims*.

With respect to his fiduciary breach and conflict of interest claims, Plaintiff has not disputed or even responded to *any* of the relevant authorities establishing that: (1) Plaintiff's "repackaging" of his ERISA benefits claim as a fiduciary breach claim is improper and fails to state a claim, Dkt. No. 23, at 10-11; (2) Plaintiff's allegations of mishandling of his particular benefits claim do not state a claim for breach of ERISA fiduciary duties, *id.,* at 14-15; (3) Plaintiff's claim of a "structural conflict of interest" and resulting fiduciary breach cannot state a claim here because, as a matter of law, the trustees of a multiemployer plan do not operate under

---

[3] The specific causes of action available to a participant or beneficiary under ERISA's civil enforcement provisions include: (1) an action to recover benefits due under the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) an action for breach of fiduciary duties, ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2);  (3) an action to enjoin any act or practice in violation of ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress violations of ERISA or the terms of the plan, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and  (4) an action for daily penalties for a plan administrator's refusal to supply certain information within 30 days of a request, ERISA § 502(c), 29 U.S.C. § 1132(c).

any such conflicts, *id.,* at 12-13; and (4) Plaintiff's allegations of conflicts of interest cannot constitute a separate ground for relief under ERISA, *id.,* at 13-14.  Plaintiff has conspicuously ignored the controlling authorities establishing that he has failed to state a claim for breach of fiduciary duty or structural conflict of interest, and thus these claims should also be dismissed.

        2.    *Plaintiff's Analysis of the Applicable Standard of Review Is Misplaced.*

Rather than respond to the controlling authorities, Plaintiff's opposition confuses the issue by focusing on the standard of review to be applied when deciding a valid benefit claim on the merits.  Dkt. No. 29, at 9.  Plaintiff erroneously asserts that his fiduciary breach and structural conflict of interest claims must be allowed to proceed because they "preserve Plaintiff's right to have his claims considered *de novo* and to submit information outside the record." *Id*., at 10.

The question of the appropriate standard of review for Plaintiff's claims is only relevant with respect to claims that survive a motion to dismiss and are to be decided on the merits. Discussion of the applicable standard of review is of course irrelevant on this motion to dismiss. *E.g., Johnson v. Dade County Public Schools,* 1992 WL 466902, *11 n.4 (S.D. Fla. 1992) (the "standard under which the [defendant's] conduct will be evaluated is not at issue at this juncture. Rather, in the context of a motion to dismiss, the court only considers whether the facts alleged in the complaint are sufficient to state a cause of action. . . . as previously noted, this standard of review is not relevant to the court's consideration of the motion to dismiss"); *Chavez v. Nestle USA, Inc.* 2011 WL 2150128, *6 (C.D. Cal. 2011) ("Obviously, the applicable burden of proof is not relevant in a motion to dismiss").[4]

Moreover, although the existence of a structural conflict of interest is relevant in determining the standard of review to be applied to a benefit determination (*see, e.g., Bruch v.*

---

[4] The cases cited by Plaintiff regarding the appropriate standard of review concerned decisions on summary judgment, not motions to dismiss.  *See Thomas v. Oregon Fruit Products*, 228 F.3d 991, 993-94 (9th Cir. 2000); *Nolan v. Heald College*, 551 F.3d 1148, 1152 (9th Cir. 2009).

*Firestone Tire & Rubber Co.,* 489 U.S. 101 (1989)) there is no basis to consider such a conflict of interest to provide a separate ground for relief under ERISA. *See* Dkt. No. 23, at 13-14; *Boyd v. United Transportation Union Insurance Ass'n*, 2006 WL 581025, *4 (W.D. Wash. 2006).

It bears repeating that while Plaintiff's opposition extensively pursues the irrelevant issue of the standard of review that may apply to the portion of his claims that survive this motion to dismiss, he completely ignores the four separate grounds summarized above for dismissal of his "structural conflict of interest" and fiduciary breach claim. *See* Dkt No. 23, at 10-15.[5]

D. <u>Plaintiff Is Not Entitled to Penalties Under ERISA § 502(c)(1)(B) With Respect to His Initial Benefit Claim in March 2010.</u>

Finally, Plaintiff asserts that he is entitled to daily penalties under ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), reaching as far back as his initial benefit claim submission on March 31, 2010. Dkt. No. 29, at 7. Plaintiff's penalties claim has two parts: (1) a claim that he is entitled to over 600 days worth of penalties at as much as $110 per day because Defendants allegedly provided him with inadequate responses to his initial claim for plan benefits in March 2010, *id.*; and (2) a claim that he is entitled to penalties because Defendants allegedly did not timely respond to a request for documents made on May 17, 2011, *id.,* at 10. Defendants' motion to dismiss Plaintiff's penalties claim is only with respect to Plaintiff's claim of entitlement to penalties related to his initial benefit submission in March 2010, and not with respect to his claim of a delayed response to his May 17, 2011 request.[6]

---

[5] Defendants will oppose Plaintiff's assertions that *de novo* review is appropriate in this action, both because as a matter of law Defendants did not operate under a conflict of interest and because Plaintiff is incorrect to suggest that a conflict of interest, even if proven, mandates de novo review. *See Nolan*, 551 F.3d at 1153-54 (holding a conflict of interest *relevant* to the question whether to apply *de novo* review, not that a conflict *automatically* requires de novo review).

[6] Defendants strenuously dispute that Plaintiff is entitled to penalties with respect to his May 17, 2011 request for documents, or that he has "submitted a claim which merits summary judgment in his favor." Dkt. No. 29, at 10. Defendants plan to address Plaintiff's ERISA § 502(c) penalties claim regarding the May 17, 2011 request on summary judgment.

ERISA § 502(c) provides that a court may assess daily penalties against any plan administrator who "fails or refuses to comply *with a request for any information which* such administrator is required by this subchapter to furnish to a participant" within 30 days of a valid, written request." 29 U.S.C. § 1132(c) (emphasis added). Plaintiff was required to allege two distinct elements to state a claim under ERISA § 502(c): (1) the administrator must be required by ERISA to furnish some information to the participant; and (2) the administrator's failure or refusal to comply with a request for such information within 30 days. *E.g., Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987).

        1.    *Plaintiff Concededly Received at Least One Response to His March 2010 Benefit Claim Within 30 Days.*

Plaintiff's Amended Complaint expressly avers that he *did* receive at least one timely response to his March 31, 2010 initial benefit claim, on April 23, 2010. Dkt. No. 17, ¶ 17. And although Plaintiff now asserts in opposition to this motion that he did not receive the April 12, 2010 letter from Qualis Health in response to his March 31, 2010 initial benefit claim, the Amended Complaint avers that the April 12, 2010 Qualis letter "allowed for an urgent appeal procedure within 72 hours, and Mr. Olsen believes he made a request for an urgent appeal" – an event that would have been *impossible* had Plaintiff not received the April 12, 2010 letter. *See* Dkt. No. 17, ¶ 16. In any event, there is no dispute – based *solely* on the allegations of the Amended Complaint – that Plaintiff *did* receive at least one response within 30 days to his March 31, 2010 claim submission, refuting the claim of ERISA nondisclosure penalties for a failure to respond to that request within 30 days. Indeed, under the plain terms of the Amended Complaint, Plaintiff received *not one but two* responses within 30 days of his March 31, 2010 claim submission.

        2.     *ERISA Bars Plaintiff's Claim on This Motion That an "Incomplete" or "Confusing" Response to an Initial Benefit Claim Submission Can Justify ERISA Nondisclosure Penalties.*

Only a specific request for information can give rise to liability under ERISA § 502(c). While Plaintiff alleges that the response to his initial benefit claim in March 2010 was deficient,[7] a participant's benefit claim is not a specific request for information for purposes of imposing ERISA nondisclosure penalties.  *E.g., Kleinhans,* 810 F.2d at 623-24; *Bemis v. Hogue*, 635 F.Supp. 1100, 1105 (E.D. Mich. 1986); *Clouatre v. Lockwood*, 593 F.Supp. 1136, 1140 (M.D.La. 1984).  The Seventh Circuit held in *Kleinhans* that "[s]ince [ERISA § 503] sets forth an "automatic" duty to furnish certain information upon a denial of a claimant's benefits, the failure to furnish this information would be a violation of [ERISA § 503].  *However, absent a request for this information, the failure to provide such does not invoke the penalties of [ERISA § 502(c)(1)].*"  *Kleinhans*, 810 F.2d at 624 (emphasis added); *see Clouatre*, 593 F.Supp. at 1140.

Accordingly, Plaintiff's assertions of deficiencies in the responses to his March 31, 2010 benefit claim cannot, even when assumed to be true, constitute an actionable claim for penalties under ERISA § 502(c).  Given the dual failure of the Amended Complaint to allege *either* a legally-actionable *request* for ERISA information *or* a failure to provide such information within 30 days, Plaintiff's claim for penalties related to the March 31, 2010 claim submission should be dismissed.

## III.  Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's claims of:  breach of contract; fiduciary breach and structural

---

[7] ERISA § 503, and 29 C.F.R. § 2560.503-1(f) generally provide that when a participant's benefit claim is denied, plans must automatically provide a written notice of the benefit denial which includes, among other things, the specific reasons for the denial, specific reference to plan provisions upon which the denial is based, a description of any additional material necessary to perfect the claim and an explanation of why such material is necessary, and a description of required steps to appeal the determination.  29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(f).

conflict of interest; damages for pain and suffering, emotional distress, and loss of consortium; and ERISA nondisclosure penalties related to the March 31, 2010 initial claim submission.

DATED this 31st day of January, 2012, at Seattle, Washington.

By: s/ Michael P. Monaco

SONG MONDRESS PLLC
Counsel for Defendants Alaska Teamster-
Employer Welfare Plan and Board of Trustees
720 Third Ave., Suite 1500
Seattle, WA 98104
E-mail:  mmonaco@songmondress.com
Phone:  (206) 398-1500
Fax:  (206) 398-1501

Ronald L. Bliss
BLISS, WILKENS & CLAYTON
500 L. Street, Suite 200
Anchorage, AK  99501
E-mail:  rlb@bwclawyers.com
Phone:  (907) 276-2999
Fax:  (907) 276-2956
(ABA No. 7605011)

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Jason A. Weiner
Gazewood & Weiner, PC
1008 16th Avenue
Suite 200
Fairbanks, AK 99701

             s/ Michael P. Monaco