IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN OLSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ALASKA TEAMSTER-EMPLOYER WELFARE PLAN and THE BOARD OF TRUSTEES,<br><br>    Defendants. | Case No. 4:11-cv-0015-RRB<br><br>**ORDER REGARDING DEFENDANTS'**<br>**MOTION TO DISMISS AT 21** |

I.  INTRODUCTION

Before the Court are Defendants Alaska Teamster-Employer Welfare Plan (the "Plan") and The Board of Trustees with a Motion to Dismiss at Docket 21. Defendants contend that several of Plaintiff's claims and types of requested relief are "not permitted in this action under the governing Employees Retirement Security Act of 1974 ('ERISA') . . . :(1) pain and suffering, emotional distress, and loss of consortium damages; (2) breach of contract; (3) breach of fiduciary duty and structural conflict of interest; and (4) penalties with respect to the submission of Plaintiff's claim for benefits on or about March 31, 2010."[1] Plaintiff Justin

---

    [1]    Docket 21 at 1-2.

Olsen opposes at Docket 29 and argues that his claims and requests for relief sill involve factual questions that should be considered by this Court.[2]

After reviewing the claims and requests for relief in question, the Court concludes the following: (1) Plaintiff's breach of contract claim is preempted by ERISA; (2) a review of any alleged structural conflict of interest is not appropriate at the current stage of the case; (3) Plaintiff's breach of fiduciary duty claim fails; (4) Plaintiff's requested pain and suffering, emotional distress, and loss of consortium damages are disallowed under ERISA; and (5) Plaintiff's 29 U.S.C. § 1132(a)(1)(A) penalties claim is allowed to proceed under ERISA.

**II.  FACTS**

The uncontested facts are as follows.[3]  The Plan is a self-funded employee health and welfare benefit plan governed by ERISA and is sponsored and administered by its Board of Trustees.[4]  Olsen was a participant in the Plan and was entitled to receive health

---

[2]  Docket 29 at 2.

[3]  Plaintiff does not contest Defendants' summary of the basic facts involved in the case.  Docket 29 at 2.

[4]  Docket 23 at 3.

benefits to the extent provided under the Plan's terms and conditions.[5]

On or about March 31, 2010, Olsen filed a claim for preauthorization of temporomandibular joint ("TMJ") reconstruction.[6] On or about April 12, 2010, Olsen's request was denied by Qualis Health ("Qualis"), a utilization management organization engaged by the Plan to review claims requiring preauthorization.[7] Such denial was based on Qualis's determination that TMJ reconstruction had not been shown to be medically necessary in Olsen's case.[8] On or about April 23, 2010, the Plan issued a separate denial decision regarding Olsen's initial submission to Qualis.[9] Olsen appealed Qualis's denial of preauthorization and on or about May 11, 2010, that appeal was denied by Qualis, which again found the proposed TMJ surgery to not be medically necessary.[10]

---

[5] <u>Id.</u>

[6] <u>Id.</u> at 4.

[7] <u>Id.</u>

[8] <u>Id.</u>

[9] <u>Id.</u>

[10] <u>Id.</u>

On or about June 3, 2010, Olsen appealed Qualis's May 11, 2010, denial decision.[11] The administrative committee for the Plan considered Olsen's appeal and directed that an additional medical review be performed by AllMed.[12] On or about August 23, 2010, after another administrative hearing, Olsen's claim for medical benefits was denied by the Plan's administrative committee as not medically necessary.[13] The administrative committee based its decision on the determinations by both independent medical consultants, Qualis and AllMed, finding that Olsen's proposed TMJ surgery had not been shown to be medically necessary.[14] The current litigation ensued.

**III. STANDARD OF REVIEW**

A motion under Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."[15] In deciding a motion, not only must a court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light

---

[11] Id.

[12] Id.

[13] Id.

[14] Id.

[15] Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

most favorable to the plaintiff.[16] Yet, such tenet does not apply to legal conclusions.[17] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[18] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]

Specifically, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"[20] Plausibility is required so "that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation[: The complaint should] . . . give fair notice and . . . enable the opposing party to defend itself effectively."[21] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

---

[16] Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)).

[17] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[18] Id. at 663 (internal citations omitted).

[19] Id. at 679 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

[20] Id. at 678 (quoting 550 U.S. at 570).

[21] Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

experience and common sense."[22]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[24] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[25]

In short, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[26]  In other words, the "dismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'"[27]  A court should not look to "whether

---

[22] 556 U.S. 662, 679 (internal citations omitted).

[23] Id. at 663 (citing 550 U.S. at 556).

[24] Id. at 678 (quoting 550 U.S. at 557).

[25] Id.

[26] Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (2009).

[27] Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[28]

**IV. DISCUSSION**

   **A.   ERISA Preempts Olsen's Breach Of Contract Claim.**

Olsen insists that his cause of action for breach of contract is an ERISA claim merely characterized as a breach of contract claim and, as such, should not be dismissed.[29] Olsen argues that it is within his purview to label his ERISA claims however he deems fit while the underlying federal component of such claims remains unchanged.[30]  The Court finds Olsen's arguments unpersuasive.

A simple reading of the amended complaint invalidates Olsen's characterization theory.  Olsen's third cause of action is labeled "Breach of Contract" and nowhere therein makes any reference to ERISA.[31]  Further, Olsen's breach of contract cause of action is in addition to and indeed distinct from his first two causes of action, "Denial of Benefits" and "Equitable Relief," which cite and

---

[28]   Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

[29]   Docket 29 at 8.

[30]   Id.

[31]   Docket 17 at 11.

clearly apply ERISA's civil enforcement remedies.[32] Olsen's characterization argument, therefore, is disproved by mere reference to the plain language of his Amended Complaint. Thus, the Court cannot treat Olsen's breach of contract claim as one stemming from ERISA's civil enforcement regime, but shall treat such claim as a state common law cause of action.

A participant of an ERISA-regulated plan may bring a civil action to: (1) force a plan administrator "to supply requested information"; (2) "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"; or (3) "to obtain other appropriate equitable relief[,] . . . to redress such violations or[,] . . . to enforce . . . the terms of the plan . . . ."[33]

Because the aim of ERISA is to "provide a uniform regulatory regime over employee benefit plans[,] . . . ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively

---

[32] Id. at 2, 11.

[33] 29 U.S.C. § 1132(a) (2009). ERISA provides participants with other causes of actions not herein listed due to the irrelevance of such actions to the present litigation.

ORDER RE MOTION TO DISMISS AT 21 - 8
4:11-cv-0015-RRB

a federal concern.'"[34] State law preemption is, therefore, essential to ERISA's integrated system of enforcement procedures.[35] Allowing participants to obtain state law remedies that Congress did not expressly incorporate into ERISA would completely undermine the federal exclusive remedial scheme Congress sought to achieve through the creation of ERISA.[36] "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[37]

Claims that thus fall "'within the scope' of ERISA" are preempted unless they present a legal duty independent of ERISA.[38] A court looks to the complaint to determine whether a legal duty exists separate from ERISA, and when a plaintiff "complain[s] only

---

[34] Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 1981)).

[35] Id.

[36] Id. at 208-09 (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)).

[37] Id. at 209. The Court does not discuss the savings clause found in § 1144(b)(2)(A) because the clause is not pertinent to the facts of this case.

[38] Id. at 210 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987) (internal citations omitted)).

about denials of coverage promised under the terms of ERISA-regulated employee benefit plans[,]" no independent legal duty exists.[39] Additionally, where establishing liability under a state cause of action depends on the existence of an ERISA plan, "the state law claim is preempted."[40] Specifically, a common law contract claim that is based on or relates to an ERISA plan is necessarily preempted.[41] A "[c]laimant[] simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law[,]"[42] but must "invoke the specific remedies of ERISA."[43]

Here, Olsen's breach of contract claim is resoundingly preempted. First, nowhere in ERISA is there even an implied reference to the creation of a breach of contract cause of action. By not including it in the language of ERISA, Congress expressly

---

[39] Id. at 214.

[40] 600 F.3d at 1191.

[41] Metro. Life Ins. Co., 481 U.S. at 62-63 (quoting § 1144(a) (2006)) (internal citations omitted)). A claim *relates* to ERISA if it "has a 'connection with' or a 'reference to' an ERISA-governed benefit plan." Wise v. Verizon Commc'ns, Inc., 600 F.3d 1180, 1190-91 (9th Cir. 2010) (quoting Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739(1985)).

[42] Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 983 (9th Cir. 2001)

[43] Pacificare Inc. v. Martin, 34 F.3d 834, 836 (9th Cir. 1994) (quoting Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir. 1990)).

rejected such a claim. Second, Olsen argues that the breach of contract occurred because "Defendants refused to provide financial reimbursement for Plaintiff's medical care and procedures as required under Plaintiff's contract . . . ."[44] Yet, ERISA's civil remedies *already* provide for such relief at § 1132(a)(1)(B), which Olsen takes full advantage of in his first cause of action.[45] Such repetitive pleading clearly shows that Olsen's breach of contract claim duplicates relief already found in ERISA. Further, the contract claim provides an alternative to the ERISA-provided relief and would supplement or supplant the § 1132(a)(1)(B) relief, scenarios that Congress sought to avoid when creating ERISA. Third, because the breach of contract claim stems from, relies on, and depends upon duties and rights established through an ERISA-regulated insurance contract, the claim is within the scope of ERISA and does not create an independent legal duty. Fourth, breach of contract claims are not claims for equitable relief and thus do not fall under the "appropriate equitable relief" of § 1132(a)(3).[46] Fifth, the Ninth Circuit has specifically excluded breach of

---

[44] Docket 17 at 12.

[45] Id. at 10.

[46] 34 F.3d at 838.

contract claims in ERISA actions.⁴⁷ Olsen's breach of contract claim, therefore, is preempted by ERISA and is dismissed.

### B. Olsen's Structural Conflict Of Interest Claim Is Not Appropriate At This Time.

Olsen opines that because Defendants operate under a structural conflict of interest and retain an "ambiguous discretion to grant or deny claims[,]" Olsen's breach of fiduciary duty claim "should be allowed to proceed by this Court."⁴⁸ Olsen's argument is premature.

Conflict of interest and discretion in granting or denying claims under ERISA are factors considered when determining the correct standard to apply in reviewing the merits of a denial of benefits under an ERISA-regulated plan.⁴⁹ As established through trust law, "a denial of benefits challenged under . . . [ERISA] is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to

---

⁴⁷ Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1007-08 (9th Cir. 1998) (quoting Tingey v. Pixley-Richards West, Inc., 953 F.2d 1124, 1131 (9th Cir. 1992) (holding that state law tort and contract claims are preempted by ERISA)).

⁴⁸ Docket 29 at 9-10.

⁴⁹ Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); accord Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (a court must review a denial of benefits under a de novo standard unless the plan confers discretionary authority, which shifts the standard to one of abuse of discretion).

ORDER RE MOTION TO DISMISS AT 21 - 12
4:11-cv-0015-RRB

Case 4:11-cv-00015-RRB   Document 36   Filed 04/17/12   Page 12 of 18

determine eligibility for benefits or to construe the terms of the plan."[50] If an administrator does possesses such discretionary authority, "the abuse of discretion standard generally applies . . . ."[51] At this juncture, however, the standard under which Defendants' conduct will be evaluated is not at issue. A motion to dismiss under FRCP, Rule 12(b)(6) is focused exclusively on concluding whether the facts alleged in the complaint are sufficient to state a cause of action, not on determining the appropriate standard of review for those claims that survive. Thus, Olsen's conflict of interest arguments will not be examined by the Court at this time.

### C. Olsen's Fiduciary Duty Claim Is Not Properly Pled And Duplicates Remedies Already Available Under ERISA.

After reviewing Olsen's Amended Complaint, it is clear that Olsen bases his entire breach of fiduciary duty cause of action on allegations of an apparent structural conflict of interest and an alleged misuse of discretionary authority by Defendants.[52] Nowhere in the amended complaint does Olsen identify the actual fiduciary duty breached by Defendants, nor does he present any factual

---

[50] Id.

[51] Nolan v. Heald Coll., 551 F.3d 1148, 1153-54 (9th Cir. 2009).

[52] Docket 17 at 12-13.

allegations to support such an alleged breach.  Olsen relies solely on conclusory statements to prove his fiduciary duty claim and, as a result, fails to meet the pleading standard required by <u>Ashcroft v. Iqbal</u>.

Even if Olsen had met the pleading standard laid out by <u>Iqbal</u>, however, his fiduciary duty claim would still not survive.  ERISA provides participants a "'catchall provisio[n]' that 'act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § . . . [1132] does not elsewhere adequately remedy.'"[53]  Under § 1132(a)(3), a participant can file a lawsuit "for individualized equitable relief for breach of fiduciary obligations . . . ."[54]  However, such relief must be "appropriate"[55] and must "lie in equity . . . ."[56]  Further, "where Congress elsewhere provided adequate relief for a . . . [participant's] injury, there will likely be no need for further

---

[53]    <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 221 n. 5 (2002) (quoting <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 512 (1996)).

[54]    <u>Id.</u>

[55]    § 1132(a)(3) (2009).

[56]    534 U.S. at 213-14.

ORDER RE MOTION TO DISMISS AT 21 - 14
4:11-cv-0015-RRB

equitable relief, in which case such relief normally would not be 'appropriate.'"[57]

Here, Olsen's claim for breach of fiduciary duty is not "appropriate equitable relief" in that it requests identical relief to that allowed under § 1132(a)(1)(B); relief that Olsen already requests in his first and second cause of action. The key to requesting relief under § 1132(a)(3) is to ask for a remedy not elsewhere provided in ERISA. The language of Olsen's fiduciary duty claim focuses only on the denial of Olsen's benefits under his insurance plan; relief for which is already offered under § 1132(a)(1)(B). Therefore, Olsen's fiduciary duty cause of action not only is improperly pled, but also requests relief that is already provided elsewhere in ERISA. Consequently, Olsen's fiduciary claim is dismissed.

**D. Olsen's Requested Relief Is Not Permitted Under ERISA.**

In his Amended Complaint, Olsen asks this Court to grant damages for pain and suffering, emotional distress, and loss of consortium.[58] Such relief is not allowed in ERISA actions.

The only ERISA subsection that allows for types of relief outside of those specifically delineated in ERISA is § 1132(a)(3),

---

[57] 516 U.S. at 515.

[58] Docket 17 at 12, 14.

allowing for "other appropriate equitable relief . . . ."  Thus, Olsen's requests for pain and suffering, emotional distress, and loss of consortium damages, if permitted at all, must be granted under § 1132(a)(3).  However, § 1132(a)(3) does not authorize non-equitable relief.[59]

"[T]he term 'equitable relief' in . . . [§ 1132(a)(3)] must refer to 'those categories of relief that were typically available in equity . . . .'"[60]  Equitable relief is distinguishable from legal relief, "[a]nd '[m]oney damages are, of course, the classic form of legal relief.'"[61]  Moreover, "'suits seeking to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'"[62]  It is clear then that suits that seek to compel a defendant to pay money damages are requesting legal relief, not equitable relief, and are, thus, not permitted under § 1132(a)(3) or elsewhere in ERISA's remedial scheme.  Such interpretation was clearly supported by the Supreme Court when it

---

[59] 534 U.S. at 221.

[60] 534 U.S. at 210 (quoting <u>Mertens v. Hewitt Assocs.</u>, 508 U.S. 248, 256 (1993)).

[61] 534 U.S. at 211 (quoting 508 U.S. at 255).

[62] <u>Id.</u>

ORDER RE MOTION TO DISMISS AT 21 - 16
4:11-cv-0015-RRB

Case 4:11-cv-00015-RRB   Document 36   Filed 04/17/12   Page 16 of 18

found that compensatory damages are not equitable relief within the meaning of § 1132(a)(3).[63] The Supreme Court additionally found that extra-contractual damages are likewise not appropriate under ERISA.[64] Further, because compensatory and extra-contractual money damages are not expressly provided for under ERISA, such relief is preempted.[65]

Thus, because Olsen seeks compensatory, extra-contractual money damages, his damages requests will not be allowed to proceed. Olsen's requests for pain and suffering, emotional distress, and loss of consortium damages is dismissed.

**E. Olsen Sufficiently Supports His § 1132(a)(1)(A) Claim.**

Olsen alleges that in response to his initial benefits claim, subsequent appeals, and May 17, 2001, document request, he received delayed, incomplete, contradictory, confusing, unsupported, inaccurate, and ambiguous answers from Defendants.[66] If taken as true, such allegations would qualify Olsen for relief under

---

[63] 516 U.S. at 509-10 (citing 508 U.S. at 255, 256-58, 258 n. 8).

[64] Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985).

[65] Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir. 2005) (quoting Elliot v. Fortis Benefits Ins. Co., 337 F.3d 1138, 1147 (9th Cir. 2003)).

[66] Docket 29 at 10.

ORDER RE MOTION TO DISMISS AT 21 - 17
4:11-cv-0015-RRB

§ 1132(a)(1)(A), specifically in § 1132(c)(1)(B). Under § 1132(c)(1)(B), any administrator who *fails* or refuses to comply with a request for *any* information that he or she is required to provide to a participant, by sending the required information within *thirty days* after the request, may be personally liable to the participant in the amount of up to $100.00 a day from the date of such failure or refusal.

Olsen claims that Defendants violated § 1132(c)(1)(B) and should be forced to pay $59,100.00 for 591 days of noncompliance, with the amount increasing with Defendants' continued delay. Taken as true, Olsen's alleged facts are sufficient enough to render his § 1132(a)(1)(A) claim plausible on its face. This is especially true in light of the statutory language that points to an administrator's *failure* to provide *any* type information. Defendants' alleged inability to timely send accurate, clear, and complete information to Olsen could possibly support Olsen's cause of action. Therefore, Olsen's § 1132(a)(1)(A) claim is adequately pled and survives Defendants' Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss at **Docket 21** is hereby **GRANTED IN PART** and **DENIED IN PART**.

**ORDERED** this 17th day of April, 2012.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE